SMITH, APPELLEE, v. CHEN ET AL., APPELLANTS.

[Cite as *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480.]

(No. 2013–2008—Submitted September 24, 2014—Decided April 21, 2015.)

O'NEILL, J.

{¶ 1} This is an appeal from a judgment affirming a trial court's order compelling discovery of attorney work product. For the reasons that follow, we vacate the judgment of the court of appeals because it lacked jurisdiction. Appellants did not establish that the trial court order compelling discovery was a final, appealable order, and neither this court nor the court of appeals has jurisdiction to consider the merits of an interlocutory order that is not final and appealable.

Facts and Procedural History

{¶ 2} Plaintiff-appellee, Henry Smith, sued defendants-appellants, Dr. Ying Chen, D.O., and his employer, OrthoNeuro, alleging that he suffers from spinal injuries resulting from their medical malpractice. During pretrial discovery, Smith became aware that defendants had created a surveillance video of him. Defendants refused to turn the video over to Smith, insisting that it was attorney work product that they intended to use only as impeachment evidence and it therefore was not discoverable. Smith requested the videotape, and after a series of discovery motions, the Franklin County Court of Common Pleas ordered defendants to produce it.

{¶ 3} Dr. Chen and OrthoNeuro appealed to the Tenth District Court of Appeals. The court of appeals reviewed the trial court's order for an abuse of discretion and affirmed. On the issue whether the discovery order was final and appealable, the court of appeals held merely that the order was final and appealable because "the surveillance video was attorney work-product subject to discovery for good cause." 2013-Ohio-4931, 2013 WL 5972391, ¶ 11. The court of appeals did not determine whether Dr. Chen and OrthoNeuro would have a

meaningful and effective remedy through an appeal after a final judgment is entered.

{¶ 4} The case is before this court upon Dr. Chen and OrthoNeuro's appeal from the court of appeals' judgment.

## Analysis

{¶ 5} At the outset, we do not agree with the court of appeals that the trial court's order compelling discovery was final and appealable. A proceeding for "discovery of privileged matter" is a "provisional remedy" within the meaning of R.C. 2505.02(A)(3). An order granting or denying a provisional remedy is final and appealable *only* if it has the effect of "determin[ing] the action with respect to the provisional remedy and prevent[ing] a judgment in the action in favor of the appealing party with respect to the provisional remedy" *and* "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4). A plain reading of the statute shows that an order must meet the requirements in *both* subsections of the provisional-remedy section of the definition of final, appealable order in order to maintain an appeal like the one we consider today.

{¶ 6} The court of appeals correctly observed that the order in this case determined the discovery issue against appellants, Dr. Chen and OrthoNeuro, preventing a judgment in their favor as to that issue. This is not the entire analysis. Dr. Chen and OrthoNeuro have never argued, much less established, that they would not be afforded a meaningful or effective remedy through an appeal after a final judgment is entered by the trial court resolving the entire case. They did not address the issue in any of their briefs here or in the court of appeals. The only reference to the statute defining final, appealable order that Dr. Chen and OrthoNeuro make is in their docketing statement filed in the court of appeals, in which the statute is listed as a statute requiring interpretation or application on appeal. Notably, Dr. Chen and OrthoNeuro again failed to address the requirement in R.C. 2505.02(B)(4)(b) after this court ordered them to show cause why this matter should not be dismissed for lack of a final, appealable order. 141 Ohio St.3d 1461, 2015-Ohio-370, 24 N.E.3d 1180.

{¶ 7} We therefore cannot reach the merits of this appeal. There is no indication that the requirement in R.C. 2505.02(B)(4)(b) has been met. Without a final, appealable order, the court of appeals lacked subject-matter jurisdiction over the appeal, *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10, and we therefore lack jurisdiction over the merits of the discovery order.

{¶ 8} The Ohio Constitution grants courts of appeals jurisdiction "to review and affirm, modify, or reverse judgments or final orders." Article IV, Section 3(B)(2). The legislature has enacted a law that specifies which orders are final. R.C. 2505.02. For an order granting discovery of privileged matter to be a final order, an appellant must affirmatively establish that an immediate appeal is necessary in order to afford a meaningful and effective remedy. R.C. 2505.02(B)(4)(b). This burden falls on the party who knocks on the courthouse doors asking for interlocutory relief. Rendering a judgment on the merits of this appeal would signal to litigants that if they are unhappy with discovery orders that might result in their losing their case, they can spend a few years appealing the matter all the way up to this court without proving a real need to do so. Dr. Chen and OrthoNeuro failed to establish why an immediate appeal is necessary here, and we must presume an appeal in the ordinary course would be meaningful and effective.

{¶ 9} This ruling does not adopt a new rule, nor does it make an appeal from an order compelling disclosure of privileged material more difficult to maintain. An order compelling disclosure of privileged material that would *truly* render a postjudgment appeal meaningless or ineffective may still be considered on an immediate appeal.

## Conclusion

{¶ 10} Without a final, appealable order, the court of appeals lacked subject-matter jurisdiction over this matter. Therefore, we vacate the judgment of the Tenth District Court of Appeals and remand the matter to the Franklin County Court of Common Pleas for enforcement of its order compelling discovery of the surveillance video at issue here and for further proceedings.

Judgment vacated
and cause remanded.

O'CONNOR, C.J., and PFEIFER, LANZINGER, and O'NEILL, JJ., concur.

O'DONNELL, KENNEDY, and FRENCH, JJ., dissent.

_____

**KENNEDY, J., dissenting.**

{¶ 11} Respectfully, I dissent. I agree with the majority that "[a] proceeding for discovery of privileged matter" is a "provisional remedy" within the meaning of R.C. 2505.02(A)(3). Majority opinion at ¶ 5. However, I dissent from the majority's decision to vacate the judgment of the court of appeals on the basis that the trial court's order was not final and appealable under R.C. 2505.02(B)(4).

{¶ 12} The issue that the majority seizes upon—a lack of a final, appealable order—to vacate the judgment of the court of appeals was not raised or briefed by the parties. In response to this court's show-cause order, appellants cited the Tenth District Court of Appeals' determination that the discovery order commanding the release of attorney work product was a final, appealable order. 2013-Ohio-4931, 2013 WL 5972391, at ¶ 11. The majority summarily dismisses the appellate court's determination that the order was final and appealable, claiming that it based its determination on the mere fact that the surveillance video is attorney work product. However, the majority ignores the discussion by the court of appeals.

{¶ 13} Before addressing the sole assignment of error, the Tenth District first considered whether the order of the trial court was final and appealable. *Id.* at ¶ 10. While recognizing the interlocutory nature of discovery orders, the appellate court held that " 'orders requiring the disclosure of privileged information are final and appealable.' " *Id.* at ¶ 11, quoting *Legg v. Hallet,* 10th Dist. Franklin No. 07AP–170, 2007-Ohio-6595, 2007 WL 4305900, ¶ 15. Thereafter, citing the full provisions of R.C. 2505.02(B)(4) and our holding that " 'the work-product doctrine provides a *qualified* privilege,' " the Tenth District held that the trial court's order was final and appealable. (Emphasis sic.) 2013-Ohio-4931, 2013 WL 5972391, ¶ 11, quoting *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.,* 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, at ¶ 55. Without considering the controlling effect of *Legg* on the appellate court, the majority simply declares that the trial court's order was not final and appealable.

{¶ 14} In addition to ignoring the Tenth District's precedent, the holding by the majority summarily changes the law in all appellate districts. Orders compelling discovery of privileged information have been considered final, appealable orders under R.C. 2505.02(B)(4) in every district. The Twelfth District Court of Appeals explained why in *Schmidt v. Krikorian,* 12th Dist. Clermont No. CA2011–05–035, 2012-Ohio-683, 2012 WL 563728, ¶ 21:

> Denial of a protective order and the resulting order to produce allegedly privileged materials meets prong (a) of R.C. 2505.02(B)(4) because it determines the action with respect to the provisional remedy and prevents judgment in respect to that provisional remedy. R.C. 2505.02(B)(4)(a); *Ramun v. Ramun,* 7th Dist. [Mahoning] No. 08MA185, 2009-Ohio-6405 [2009 WL 4548966], ¶ 24. Further, such an order meets prong (b) of R.C. 2505.02(B)(4), because forcing disclosure of allegedly privileged material will destroy the privilege and "the proverbial bell cannot be unrung." *Id.,* ¶ 26. As such, an order requiring disclosure of allegedly privileged material is a final order that is immediately appealable. *Id.,* ¶ 27.

{¶ 15} Since 1998, when subsection (B)(4) was added to R.C. 2505.02, seven appellate districts, in addition to the Tenth and Twelfth, have held that orders compelling discovery of alleged privileged materials are final and appealable: *Whitt v. ERB Lumber,* 156 Ohio App.3d 518, 2004-Ohio-1302, 806 N.E.2d 1034 (2d Dist.); *Nester v. Lima Mem. Hosp.,* 139 Ohio App.3d 883, 885, 745 N.E.2d 1153 (3d Dist.2000) ("Finding information to be privileged and not subject to an exception allowing for its disclosure after the fact clearly does not afford the appealing party a meaningful or effective remedy"); *King v. Am. Std. Ins. Co. of Ohio,* 6th Dist. Lucas No. L–06–1306, 2006-Ohio-5774, 2006 WL 3113733, ¶ 20; *Delost v. Ohio Edison Co.,* 7th Dist. Mahoning No. 07–MA–171, 2007-Ohio-5680, 2007 WL 3087963, ¶ 4 (orders compelling discovery of privileged material are final, appealable orders under R.C. 2505.02(B)(4) because "no meaningful appeal would be present at the conclusion of the proceedings"); *Smalley v. Friedman, Domiano & Smith Co., L.P.A.,* 8th Dist. Cuyahoga No. 83636, 2004-Ohio-2351, 2004 WL 1048207, ¶ 17; *Grove v. Northeast Ohio Nephrology Assoc., Inc.,* 164 Ohio App.3d 829, 2005-Ohio-6914, 844 N.E.2d 400 (9th Dist.), ¶ 9 ("appealing subsequent to a final judgment would not be meaningful because the physician-patient privilege would have already been compromised"); and *Cobb v. Shipman,* 11th Dist. Trumbull No. 2011–T–0049, 2012-Ohio-1676, 2012 WL 1269128, ¶ 35 ("an order compelling the production of presumptively privileged material to an opposing party now constitutes a final appealable order and will be reviewable by an appellate court. R.C. 2505.02(B)(4)").

{¶ 16} Even before the 1998 amendments to R.C. 2505.02, courts recognized orders compelling discovery of alleged privileged material as final and appealable, given the nature of privilege. *See Calihan v. Fullen,* 78 Ohio App.3d 266, 268, 604 N.E.2d 761 (1st Dist.1992) ("the harm caused by compelled production of this privileged information cannot be remedied by appellate review of the order after the entry of final judgment"); *Hollis v. Finger,* 69 Ohio App.3d 286, 292, 590 N.E.2d 784 (4th Dist.1990); *Brown v. Yothers,* 56 Ohio App.3d 29, 30, 564 N.E.2d 714 (5th Dist.1988). In short, today's holding destabilizes the law with regard to whether orders compelling production of allegedly privileged material are final and appealable.

{¶ 17} In my view, the trial court's order compelling production of the privileged material was final and appealable under R.C. 2505.02(B)(4). Therefore, I would reach the merits of the case.

{¶ 18} For these reasons, I respectfully dissent.

O'DONNELL and FRENCH, JJ., concur in the foregoing opinion.

———————

Colley, Shroyer & Abraham Co., L.P.A., and David I. Shroyer, for appellee.

Roetzel & Andress, L.P.A., and Douglas G. Leak; and Hammond, Sewards & Williams and Frederick A. Sewards, for appellants.

Davis & Young, L.P.A., and Richard M. Garner, Brian J. Bradigan, and Gary C. Safir, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Amer Cunningham Co., L.P.A., and Thomas R. Houlihan, urging affirmance for amicus curiae Ohio Association for Justice.

The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Vardaro, urging affirmance for amicus curiae Ohio Employment Lawyers Association.