[Cite as *McVay v. Aultman Hosp.*, 2015-Ohio-4050.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES H. MCVAY, INDIVIDUALLY | : | JUDGES: |
| AND AS EXECUTOR FOR THE | : | Hon. W. Scott Gwin, P.J. |
| ESTATE OF PATRICIA G. MCVAY, | : | Hon. Sheila G. Farmer, J. |
| DECEASED | : | Hon. Craig R. Baldwin, J. |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | Case No. 2015CA00008 |
| | : | |
| AULTMAN HOSPITAL | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2013CV01704


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT:               September 29, 2015


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

LEE E. PLAKAS                         RICHARD S. MILLIGAN
MEGAN J. FRANTZ OLDHAM                PAUL J. PUSATERI
220 Market Avenue South               JENNA M. MCKEAN
Eighth Floor                          4684 Douglas Circle, NW
Canton, OH  44702                     P.O. Box 35459
                                      Canton, OH  44735-5459

*Farmer, J.*

{¶1}　On June 25, 2013, appellee, James H. McVay, Individually and as Executor for the Estate of Patricia G. McVay, Deceased, filed a complaint against appellant, Aultman Hospital, and others, claiming medical negligence, medical malpractice, and wrongful death.　Amended complaints were filed on December 5, 2013 and May 28, 2014.　The complaint arose from the death of Patricia McVay at Aultman Hospital due to cardiac arrest on June 25, 2012 at approximately 18:08.　The complaint alleged Mrs. McVay was not properly monitored and appellee refused to provide Mrs. McVay's medical records relative to monitoring information from 16:51 to 17:37 for June 25, 2012.

{¶2}　Through deposition testimony, it was established that the time on Mrs. McVay's cardiac monitor was off by ten minutes.

{¶3}　On November 5, 2014, appellee submitted a second request for production of documents, seeking in part any and all documents regarding whether the time on the cardiac monitor/station was accurate or not.　Appellant objected to the request, citing work product privilege.

{¶4}　Counsel for the parties exchanged letters and in a letter dated December 12, 2014, appellant's counsel claimed work product privilege regarding a "note" "prepared by a person in risk management in anticipation of litigation on this issue."

{¶5}　On December 15, 2014, appellee filed a motion to compel production of the note, citing good cause under Civ.R. 26(B)(3).　In its opposition brief filed December 19, 2014, appellant disputed good cause, arguing the information in the note concerning

the timing of the cardiac monitor/station had already been disclosed via deposition testimony.

{¶6} On December 16, 2014, appellant had filed a motion for a protective order from a Civ.R. 30(B)(5) deposition notice, arguing the subject matters of the requested deposition i.e., the accuracy of the timing on the cardiac monitor/station and any inspections on the equipment, had already been disclosed.

{¶7} By judgment entry filed January 7, 2015, the trial court granted appellee's motion to compel and ordered the production of the note, finding insufficient facts to establish the note constituted work product privilege and even if it was privileged, appellee established good cause.

{¶8} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶9} "THE TRIAL COURT ERRED IN ORDERING AULTMAN HOSPITAL TO PRODUCE A DOCUMENT CREATED IN ANTICIPATION OF LITIGATION BY AN EMPLOYEE IN ITS RISK MANAGEMENT DEPARTMENT AS PART OF AN INVESTIGATION OF A HOSPITAL INCIDENT THAT GAVE RISE TO PLAINTIFF'S LAWSUIT."

{¶10} Oral arguments in this case were held on July 30, 2015. This court requested a separate briefing on the question of whether the judgment entry appealed from was a final appealable order given the recent decision by the Supreme Court of Ohio in *Smith v. Chen,* 142 Ohio St.3d 411 (2015).

{¶11} In *Chen,* Justice O'Neill, writing for the majority, concluded that although the matter appealed met the qualifications under R.C. 2905.02(A)(3) as discovery of privileged matter and was a provisional remedy, the requirements of R.C. 2905.02(B)(4) must be met. R.C. 2905.02(B)(4) states the following:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶12} The determination that the order sub judice is in fact a provisional remedy is clear on its face: "This matter came on for consideration upon Plaintiff's Motion to Compel Documents Regarding the Accuracy of the Time on the Central Monitor Used on Mrs. McVay. On December 19, 2014, Defendants filed a Brief Opposing Motion to Compel. Thereafter, on December 31, 2014, Plaintiff filed a Reply."

{¶13} Under R.C. 2905.02(B)(4), the issues are whether the order determines the action as to the provisional remedy and prevents a judgment in favor of appellant and whether appellant would not be afforded a meaningful or effective remedy by an appeal following a final judgment. Unlike the issue raised in *Chen*, the argument in this case is that the work product claim asserts a specific privilege i.e., a "note" prepared by an employee of appellant's in risk management regarding the investigation of the incident after the claimed act of malpractice/negligence.

{¶14} The trial court ordered the note from risk management released, thereby forever disclosing the matter to appellee. Although the admissibility of the note might well remain an issue for trial, any facts gained from the disclosure would not be barred.

{¶15} Therefore, we find the only time for meaningful and appropriate appeal is at the present time. The determination of the provisional remedy is final now as to the rights asserted by appellant. We conclude the order in this case meets all the requirements of R.C. 2505.02(B)(4).

I

{¶16} Appellant claims the trial court erred in ordering disclosure of the note as the note constitutes privileged work product. Specifically, appellant claims: (1) the trial court erred in not finding sufficient evidence to support the fact that the note was prepared in anticipation of litigation, (2) there was no showing of good cause for disclosure pursuant to Civ.R. 26(B)(3), and (3) the trial court erred in not holding an evidentiary hearing or conducting an in camera inspection.

{¶17} Civ.R.26 governs discovery. Subsection (B)(3) states the following:

(3) *Trial preparation: materials.* Subject to the provisions of subdivision (B)(5) of this rule, a party may obtain discovery of documents, electronically stored information and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor. A statement concerning the action or its subject matter previously given by the party seeking the statement may be obtained without showing good cause.  A statement of a party is (a) a written statement signed or otherwise adopted or approved by the party, or (b) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement which was made by the party and contemporaneously recorded.

{¶18} On November 5, 2014, appellee submitted a second request for production of documents, seeking in part any and all documents regarding whether the time on the cardiac monitor/station was accurate or not.  Appellant objected to the request, citing work product privilege:

**REQUEST NO. 1:**

Any and all documents regarding whether the time on the central monitor station used on Mrs. McVay on June 25, 2012 was accurate or not accurate.

**RESPONSE:**

Objection, work product.

**REQUEST NO. 2:**

Any and all documents to support the claim that the time on the central monitoring station used on Mrs. McVay on June 25, 2012 was not accurate.

**RESPONSE:**

Objection, work product. Without waiving objection, see Bates AHMcVay03564-03568.

{¶19} Counsel for the parties exchanged letters and in a letter dated December 12, 2014 (attached to appellee's December 15, 2014 motion to compel as Exhibit 5), appellant's counsel claimed work product privilege regarding the note "prepared by a person in risk management in anticipation of litigation on this issue":

Aultman Hospital's knowledge of any specific inspection, work and/or house calls is reflected in Bates AHMcVay03564-03568 as stated. Aultman Hospital is not aware of any additional documentation. Aultman Hospital is unaware of any employee having a specific recollection of "inspection, work and/or house calls" beyond that in the produced documentation.

\*\*\*

The basis for Aultman Hospital's objection to Request for Production of Documents No. 1 as protected under the work product

privilege is that Aultman Hospital is in possession of a note prepared by a person in risk management in anticipation of litigation on this issue.

{¶20} On December 15, 2014, appellee filed a motion to compel production of the note, citing good cause under Civ.R. 26(B)(3). In support of this motion, appellee cited the deposition of Kristi Cain, RN, the Unit Director of Memorial 4 East, who testified the cardiac monitor used on Mrs. McVay was off by ten minutes. Cain depo. at 103-104.

{¶21} In its December 19, 2014 response to appellee's motion to compel, appellant, in opposing appellee's good cause argument, cited the deposition testimony of Jennifer Casserman, RN, a nurse on Memorial 4 East, who admitted the subject monitor's time was off by ten minutes; therefore, there was no dispute that the timing was off. Casserman depo. at 48-49.

{¶22} On December 16, 2014, appellant had filed a motion for protective order from a Civ.R. 30(B)(5) deposition notice. Appellant argued the subject matters of the requested deposition had already been addressed and in support, cited the December 12, 2014 letter above, the Casserman deposition testimony, the responses to the second request for production of documents above, and the deposition testimony already obtained by appellee of Denny Drumm, the clinical engineer who performed the inspections on the subject monitoring equipment. Appellant once again claimed work product privilege.

{¶23} It is from these conflicting positions that the trial court, without holding an evidentiary hearing or an in camera inspection, determined (1) the facts were

insufficient to establish privilege, and/or (2) if there was privilege, appellee established good cause under Civ.R. 26. *See,* Judgment Entry filed January 7, 2015.

{¶24} Given the contradictory facts argued and the lack of a dispute raised by appellant in its December 19, 2014 response, we conclude at the very minimum, a hearing or an in camera inspection is required in this case.

{¶25} The sole assignment of error is granted in part.

{¶26} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed, and the matter is remanded to said court to conduct an evidentiary hearing and/or an in camera inspection on the requested document(s).

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 730