[Cite as *Walker v. Taco Bell*, 2016-Ohio-124.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

ANTHONY WALKER,                   :      APPEAL NO. C-150182
                                         TRIAL NO. A-1404143
    Plaintiff-Appellant,          :

 vs.                              :      *O P I N I O N.*

TACO BELL,                        :

  and                         :

ADMINISTRATOR, OHIO BUREAU        :
OF WORKERS' COMPENSATION

    Defendants-Appellees.         :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: January 15, 2016


*Law Offices of James A. Whittaker, LLC,* and *Laura I. Murphy*, for Plaintiff-Appellant,

*Robbins, Kelly, Patterson & Tucker* and *Jarrod M. Mohler*, for Defendant-Appellant Taco Bell,

*Michael DeWine,* Ohio Attorney General, and *Barbara L. Barber*, Assistant Attorney General, for Defendant-Appellee Administrator, Ohio Bureau of Workers' Compensation.


Please note: this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1}   This case involves an appeal from a discovery order compelling plaintiff-appellant Anthony Walker to provide defendant-appellee the Ohio Bureau of Workers' Compensation ("the Bureau") with three medical-record releases.  Because Walker has failed to establish that the trial court's order is a final order, we are without jurisdiction and must dismiss this appeal.

### Facts and Procedural Posture

{¶2}   Walker sued defendants-appellees Taco Bell and the Bureau seeking to participate in the workers' compensation fund for injuries he alleges arose out of a work-place accident.  During discovery, the Bureau asked Walker to sign medical-record releases for three different providers. Walker refused on the ground that he first wanted the Bureau to acknowledge that he was reserving his right to assert that some of his medical records were privileged. Apparently, the parties could not reach an agreement on this issue, so the Bureau moved the trial court for an order compelling Walker to provide the Bureau with the releases.  Walker opposed the motion. He also moved for a protective order, asking the court to rule that any records that were not historically or casually related to Walker's claims were privileged.  Following a hearing, the court granted the Bureau's motion and denied Walker's.

{¶3}   Walker appealed. The Bureau moved to dismiss Walker's appeal, claiming that the trial court's discovery order was not final and appealable.  In response, Walker claimed, in pertinent part, that the order compelling the discovery of privileged information was a final order under R.C. 2505.02(B)(4), because once privileged information is released "the proverbial bell cannot be unrung."

{¶4}    Based on the recent Ohio Supreme Court case of *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, we are compelled to dismiss this appeal for lack of jurisdiction.

## Jurisdictional Analysis

{¶5}    This court has "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * * ." Article IV, Section 3(B)(2), Ohio Constitution. Under R.C. 2505.02(A)(3), an order compelling discovery of allegedly privileged material is a "provisional remedy." An order granting or denying a provisional remedy is final if it "determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy." R.C. 2505.02(B)(4)(a).  Further, the order must foreclose "a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."  R.C. 2505.02(B)(4)(b).

{¶6}    Here, the order compelling Walker to provide signed medical-record releases to the Bureau prevented a judgment in his favor as to this issue. Consequently, the requirement of R.C. 2505.02(B)(4)(a) has been met.  What is problematic is Walker's failure to establish why an immediate appeal is necessary in this case.

{¶7}    Recently, the Ohio Supreme Court held that a party attempting to appeal an order compelling discovery of privileged materials must establish, pursuant to R.C. 2505.02(B)(4)(b), that an immediate appeal is necessary to afford the appellant a meaningful and effective remedy. *Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, at ¶ 8.  In *Chen*, the appellants wished to appeal a discovery order compelling to them to disclose a video that the appellants claimed was attorney work-

product. In dismissing the case for lack of jurisdiction, the *Chen* court stated that the appellants had "never argued, much less established, that they would not be afforded a meaningful or effective remedy through an appeal after a final judgment is entered by the trial court resolving the entire case." *Id.* The court therefore presumed that an appeal "in the ordinary course would be meaningful and effective." *Id.*

{¶8} Likewise, in this case Walker has failed to establish why an immediate appeal of the trial court's order is necessary. Walker contends only that if privileged records are released "the proverbial bell cannot be unrung." But *Chen* makes clear that the disclosure of privileged documents during discovery, in and of itself, is insufficient to establish why an immediate appeal is necessary under R.C. 2505.02(B)(4)(b). *Chen* at ¶ 8. Therefore, the maxim cited by Walker, without more, does not demonstrate why Walker cannot wait until the underlying lawsuit has been resolved to appeal the trial court's discovery order. *See Burnham v. Cleveland Clinic*, 8th Dist. Cuyahoga No. 102038, 2015-Ohio-2044, ¶ 13.

{¶9} Accordingly, we are without jurisdiction and dismiss this appeal.

Appeal dismissed.

**DEWINE, P.J.,** and **MOCK, J**., concur.

Please note:

The court has recorded its own entry this date.