[Cite as *Ohio Dept. of Transp. v. Bluescope Bldgs N. Am., Inc.*, 2016-Ohio-576.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO, DEPARTMENT OF TRANSPORTATION | : | JUDGES:<br>Hon. Sheila G. Farmer, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
|  | : |  |
| Plaintiff-Appellant | : |  |
|  | : |  |
| -vs- | : | Case No. 2015 AP 06 0027 |
|  | : |  |
| BLUESCOPE BUILDINGS NORTH AMERICA, INC. FDBA BUTLER MANUFACTURING CO. | : | O P I N I O N |
|  | : |  |
| Defendant-Appellee | : |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Tuscarawas County
                             Court of Common Pleas, Case No. 2014
                             CT 05 0320

JUDGMENT:                    Dismissed

DATE OF JUDGMENT ENTRY:      February 17, 2016

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

MICHAEL DEWINE                         JOHN J. KULEWICZ
Ohio Attorney General                  Vorys, Sater, Seymour & Pease, LLP
WILLIAM C. BECKER                      52 East Gay Street
CRAIG BARCLAY                          Box 1008
RICHARD J. SILK, JR.                   Columbus, OH 43216
Assistant Attorneys General
150 East Gay Street                    DAVID K. SCHAFFNER
Columbus, OH 43215                     Schaffner Law Offices
                                       132 Fair Avenue N.W.
                                       New Philadelphia, OH  44663

*Gwin, J.*

{¶1} Appellant appeals the May 15, 2015 judgment entry of the Tuscarawas County Court of Common Pleas granting appellee's motion to compel and ordering appellant to: supplement its answers and responses to the first set of interrogatories and request for production of documents; and submit a privilege log as to any materials appellant claims are privileged and not relevant to appellant's claims.

*Facts & Procedural History*

{¶2} In a previous action, appellant, the State of Ohio, Department of Transportation ("ODOT") filed a complaint against appellee Bluescope Buildings North America, Inc. f/d/b/a Butler Manufacturing Company ("Butler") for breach of express and implied product liability warranties and negligence. Prior to trial, ODOT dismissed, without prejudice, its express warranty and negligence claims. The jury found in favor of ODOT on its remaining implied warranty claim and awarded ODOT damages of $2.14 million dollars.

{¶3} Subsequently, ODOT filed the instant case on May 23, 2014, a complaint against Butler for spoliation of evidence, fraudulent inducement, and negligent misrepresentation with a request for punitive damages. ODOT alleges Butler altered the express warranty issued to ODOT in the previous litigation. Specifically, that Butler removed language in the warranty by whiting out the phrase "no limits of liability" and that Butler directed its expert witness to materially change his opinion.

{¶4} On March 2, 2015, Butler filed a motion to compel discovery, seeking an order from the trial court compelling ODOT to provide full responses to Butler's first set of interrogatories and request for production of documents. ODOT filed a memorandum in

opposition to the motion to compel, arguing the motion should be denied based upon the attorney-client privilege and the work-product privilege.

{¶5} On May 15, 2015, the trial court issued a judgment entry finding ODOT's answers and responses to Butler's first set of interrogatories legally deficient and not protected by attorney-client or work-product privilege. The trial court granted the motion to compel and ordered ODOT to: supplement its answers and responses to Butler's first set of interrogatories and request for production of documents in accordance with the trial court's findings, accompanied by a privilege log as to any materials that are privileged and not relevant to the claims in this action.

{¶6} In August of 2015, ODOT filed a motion to amend the complaint to delete the allegation in the complaint that ODOT dismissed its express warranty claim in the previous case based upon the altered language in the warranty. ODOT also filed a motion to vacate the trial court's May 15th judgment entry based upon the amendment of the complaint. The trial court granted ODOT's motion to amend complaint, but denied ODOT's motion to vacate the May 15th judgment entry.

{¶7} ODOT appeals the trial court's May 15, 2015 judgment entry and assigns the following as error:

{¶8} "I. THE TRIAL COURT INCORRECTLY DETERMINED THAT APPELLANT WAIVED THE ATTORNEY-CLIENT PRIVILEGE.

{¶9} "II. THE TRIAL COURT INCORRECTLY DETERMINED THAT APPELLANT WAIVED THE WORK-PRODUCT PRIVILEGE.

{¶10} "III. THE TRIAL COURT ERRED IN FINDING THAT THE STATE WAIVED THE ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PRIVILEGES BY FAILING TO PROVIDE A PRIVILEGE LOG."

*Final Appealable Order*

{¶11} Prior to addressing the merits of ODOT's assignments of error, we must first determine whether the order under review is final and appealable.

{¶12} The Ohio Constitution grants courts of appeals jurisdiction "to review and affirm, modify, or reverse judgments or final orders." Article IV, Section 3(B)(2).

{¶13} A proceeding for "discovery of privileged matter" is a "provisional remedy" within the meaning of R.C. 2505.02(A)(3). *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633. An order granting or denying a provisional remedy is final and appealable only if it has the effect of "determining the action with respect to the provisional remedy and preventing a judgment in the action in favor of the appealing party with respect to the provisional remedy" and "the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." *Id.*; R.C. 2505.02(B)(4). The burden "falls on the party who knocks on the courthouse doors asking for interlocutory relief." *Id.*

{¶14} As specifically noted by the Ohio Supreme Court, "an order must meet the requirements in *both* subsections of the provisional-remedy section of the definition of final, appealable order in order to maintain an appeal." *Id.* If the party seeking to appeal fails to establish why an immediate appeal is necessary, the court must presume an appeal in the ordinary course would be meaningful and effective. *Id.* However, "an order

compelling disclosure of privileged material that would *truly* render a post judgment appeal meaningless or ineffective may still be considered on an immediate appeal." *Id.*

{¶15} In this case, appellant argues there is a final appealable order under R.C. 2505.02(A)(3) and (B)(4)(b) because it requires the discovery of privileged matter, and thereby grants a provisional remedy for which there would be no meaningful effective remedy on subsequent appeal. Appellant contends an immediate appeal is necessary because the trial court's judgment entry goes well-beyond the production of documents and response to interrogatories and argues the discovery efforts are all about taking the depositions of the trial team in the previous litigation. Appellant further argues an immediate appeal is necessary because the trial court's entry determines waiver of privilege as to the entire case, so appellant is forced to provide all attorney-client communications and work-product in writing and orally, with no meaningful remedy after final judgment. We disagree with appellant.

{¶16} Despite appellant's contention, the trial court's judgment entry does not go beyond the production of documents and responses to interrogatories. The trial court ruled only on a motion to compel regarding appellee's first set of interrogatories and request for production of documents. There is no determination of waiver of privilege as to the entire case and there is nothing in the judgment entry requiring appellant to provide all attorney-client communications and work-product in writing and orally. Rather, the trial court ordered appellant to supplement its responses to the interrogatories and submit a privilege log of documents, communications, or information it claims are privileged. Further, the trial court did not actually order the release of the documents. Rather, the trial court ordered appellant to submit a privilege log with a description of the nature of

the documents, communications, or things not produced to the trial court for review. The trial court can then hold an in-camera inspection with regards to the documents or communications at issue.

{¶17} With regards to appellant's argument as to depositions, they are not at issue in this motion to compel, as the motion deals only with responses to interrogatories and production of documents. The trial court has not been presented with or ruled on the testimonial issue. Further, the record is not sufficiently developed to determine whether any deposition would result in the disclosure of privileged materials. See *Autumn Health Care of Zanesville, LLC v. DeWine*, 10th Dist. Franklin No. 14AP-593, 2015-Ohio-2655.

{¶18} Based on the foregoing, we find appellant failed to satisfy the requirement in R.C. 2505.02(B)(4)(b) as to why an immediate appeal is necessary in this case and we must presume an appeal in the ordinary course would be meaningful and effective. Accordingly, we are without jurisdiction to address the assignments of error and, consequently, the above-captioned appeal is dismissed.

By Gwin, J.,

Farmer, P.J., and

Wise, J., concur