[Cite as *Bausman v. Am. Family Ins. Group*, 2016-Ohio-836.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JACK BAUSMAN | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26661 |
| | : | |
| v. | : | Trial Court Case No. 14-CV-419 |
| | : | |
| AMERICAN FAMILY INSURANCE GROUP | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of March, 2016

. . . . . . . . . . .

JOHN A. SMALLEY, Atty. Reg. No. 0029540, Dyer, Garofalo, Mann & Schultz, 131 North Ludlow Street, Suite 1400, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

MARK S. MADDOX, Atty. Reg. No. 0029852, Frost & Maddox Co., 987 South High Street, Columbus, Ohio 43206
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} American Family Insurance Company appeals a trial court's order allowing the discovery of documents protected by the attorney-client privilege. Otherwise privileged documents that show bad faith are discoverable if they are in an insurer's claims file. In this case, the trial court conducted an in camera inspection of the attorney's file and the record is unclear if the disputed documents are in American Family's claims file. We therefore reverse and remand for the trial court to determine whether the documents are contained in the claims file or, if not or undeterminable, to order that the documents are not discoverable and should not be disclosed.

## I. Background

{¶ 2} In August 2012, Jack Bausman was injured in an auto accident when another driver ran a stop sign and hit the driver's side of Bausman's truck, causing the truck to roll over twice. Bausman was insured by American Family, and his policy included uninsured/underinsured motorist coverage up to $25,000. The other driver was uninsured, so Bausman filed a claim with American Family for uninsured-motorist (UM) benefits. Shortly after, American Family gave Bausman $5,000 for medical payments. In January 2013, Bausman sent a settlement package to American Family, claiming $17,157[1] in medical expenses and demanding the UM benefits limit of $25,000. American Family responded with an offer of $13,661, later increasing the offer to $13,861. Bausman rejected this offer and, in May 2013, filed a personal injury action against the driver of the vehicle that hit him. The action included a claim against American Family for UM benefits.

---

[1] This and all amounts are rounded to the nearest dollar.

{¶ 3} Wilbur Hane, an in-house attorney at American Family, was assigned the litigation case. Hane communicated with Martin Hulthen, American Family's regional managing attorney, about Bausman's claim via email. It was Hulthen who gave Hane authority to settle the claim.

{¶ 4} On January 14, 2014, American Family offered Bausman $20,000, saying that the non-duplication clause in the UM provision entitled it to deduct the $5,000 in medical payments benefits already paid from the $25,000 UM limit. When Bausman rejected the offer, American Family eventually offered the UM limit of $25,000. Bausman accepted the offer and dismissed the personal-injury action. Soon thereafter, on January 22, Bausman filed the present action against American Family alleging bad faith in the handling of his UM claim.

{¶ 5} On January 15, 2015, Bausman filed a motion to compel American Family to produce any correspondence that Hane sent to the insurer. American Family responded with a motion for a protective order, arguing that the requested documents were protected by the attorney-client privilege. The trial court granted the motion to compel in part and overruled the motion for a protective order. The court ordered American Family to produce the documents for an in camera review. American Family filed a motion for reconsideration, but the trial court overruled it. So American Family submitted the documents under seal.

{¶ 6} Later, on April 15, the trial court entered an Agreed Protective Order in which the parties stipulated that documents that would be ordered to be produced to Bausman's counsel, after the court's in camera review, would not be given to anyone else or filed with the court pending an appeal. After its review, the trial court concluded that eighteen

of the documents are discoverable, and on April 17, the court entered an order granting Bausman's motion to compel with respect to those documents. The trial court overruled American Family's motion to stay release pending appeal.

{¶ 7} American Family appealed. It also filed a motion in this Court to stay the trial court's decision, which we overruled.

## II. Analysis

{¶ 8} The sole assignment of error alleges that the trial court erred by ordering the disclosure of American Family's attorney-client communications. "Ordinarily, a discovery dispute is reviewed under an abuse-of-discretion standard. However, if the discovery issue involves an alleged privilege, as in this case, it is a question of law that must be reviewed de novo." (Citations omitted.) *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13.

{¶ 9} " 'R.C. 2317.02(A) provides a testimonial privilege—i.e., it prevents an attorney from testifying concerning communications made to the attorney by a client or the attorney's advice to a client. A testimonial privilege applies not only to prohibit testimony at trial, but also to protect the sought-after communications during the discovery process.' " *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 18, quoting *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487, ¶ 7, fn. 1. But there is an exception if the client is an insurer. R.C. 2317.02(A)(2) provides that "if the client is an insurance company, the attorney may be compelled to testify, subject to an in camera inspection by a court, about communications made by the client to the attorney or by the attorney to the client that are related to the attorney's aiding or furthering an ongoing or future commission of bad faith

by the client, if the party seeking disclosure of the communications has made a prima facie showing of bad faith, fraud, or criminal misconduct by the client."

{¶ 10} Before this exception was codified, the Ohio Supreme Court discussed the lack-of-good-faith exception in *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 635 N.E.2d 331 (1994). In that case, the Court held that "[d]ocuments and other things showing the lack of a good faith effort to settle by a party or the attorneys acting on his or her behalf are wholly unworthy of the protections afforded by any claimed privilege," *id.* at 661, and that "[i]n an R.C. 1343.03(C) proceeding for prejudgment interest, neither the attorney-client privilege nor the so-called work product exception precludes discovery of an insurer's claims file. The only privileged matters contained in the file are those that go directly to the theory of defense of the underlying case in which the decision or verdict has been rendered." *Id.* at paragraph three of the syllabus.

{¶ 11} Later, in *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 744 N.E.2d 154 (2001), the Court "extended the exception recognized in *Moskovitz* to attorney-client communications furthering an insurance company's lack of good faith in denying coverage." *Squire, Sanders*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, at ¶ 31. The Court said that "[c]laims file materials that show an insurer's lack of good faith in denying coverage are unworthy of protection." *Boone* at 213. Consequently, the Court held that "[i]n an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage." *Id.* at the syllabus. We have applied *Boone*'s holding to work-product materials too. *See Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App.3d 258, 2003-Ohio-5960, 800 N.E.2d 757, ¶ 24

(2d Dist.).

{¶ 12} Here, the parties agree that the disputed documents boil down to five emails sent between American Family attorneys Hane and Hulthen. American Family claims that the emails are in Hulthen's and Hane's files and argues that documents in an attorney's file are not discoverable. At oral argument, Bausman's counsel asserted that Hulthen, Hane's managing attorney, was effectively acting in the capacity of an adjuster and therefore his file should be considered a claims file subject to discovery. Our record does not support that contention.

{¶ 13} Plainly, privileged documents that show bad faith are discoverable if they are in an insurer's claims file. But their discoverability is less clear if they are in the file of an insurer's attorney. We believe there is a fundamental distinction between searching an attorney's file and an insurance company's claims file. All of the cases cited by the parties involve disputes over privileged documents reposed in an insurer's claims file. In *Moskovitz*, though, the Ohio Supreme Court added after its holding that "on occasion, this rule might also apply to the file of a party's attorney." *Moskovitz*, 69 Ohio St.3d at 663, 635 N.E.2d 331. Based on this statement, the Eleventh District—the only Ohio court that appears to have considered this issue—held in *Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676, that "under certain circumstances, a defense attorney's file may be equally discoverable as an insurer's." *Cobb* at ¶ 51. The court cited *Moskovitz* for the proposition that "documents and materials, regardless of their location, will be discoverable if they tend to show a lack of good faith, despite any claims of attorney-client privilege." *Id.* at ¶ 53. "Although *Moskovitz* dealt specifically with the discoverability of an insurance carrier's claims file (because that file was the only target of discovery)," said

the court, "it specifically contemplated that other cases may present scenarios in which the production of documents from an attorney's file can and will be deemed appropriate." *Id.* at ¶ 55.

**{¶ 14}** We decline to follow the Eleventh District and extend the *Boone* lack-of-good-faith exception to documents exclusively in the files of the attorneys of a client. The above-quoted statement in *Moskovitz* on which the Eleventh District relied is dicta. We believe that extending *Boone* to the file of an insurer's attorneys would effectively erase the attorney-client privilege and open the door to a host of troubles, not least of which is courts poring over attorney files during in camera reviews. Therefore we limit the *Boone* exception to the holding of the case-it applies to attorney communications which are contained within what is traditionally known as a claims file.

**{¶ 15}** It is not clear from the record here if the Hane-Hulthen emails are in the 'claims file' too. So we must remand for the trial court to make the necessary determination. If the emails are in the claims file, the trial court may order American Family to produce them if they may arguably be indicative of bad faith.

**{¶ 16}** The sole assignment of error is sustained.

**{¶ 17}** One final issue remains. We sua sponte raised the issue of whether the order granting discovery of privileged matter is a final and appealable order, and the issue was discussed at oral arguments. What prompted our jurisdictional concern is the Ohio Supreme Court's recent decision in *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633. There the Court held that "[f]or an order granting discovery of privileged matter to be a final order, an appellant must affirmatively establish that an immediate appeal is necessary in order to afford a meaningful and effective remedy." *Smith* at ¶ 8,

citing R.C. 2505.02(B)(4)(b). We conclude that American Family has affirmatively established that an immediate appeal is necessary in this case. Producing the disputed emails would likely make a meaningful and effective appellate remedy impossible.

### III. Conclusion

{¶ 18} The trial court's order compelling American Family to produce the disputed documents is reversed. This case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

FAIN, J., concurs.

FROELICH, J., concurring:

{¶ 19} I am not sure that *Boone* is bad law.  But before that issue is directly addressed, the record must be much clearer whether the emails are part of a "claims file" or whether they are exclusively attorney-client communications and, if the latter, whether they fall under the R.C. 2317.02(A)(2) exception.

{¶ 20} Therefore, I concur in the judgment sustaining the assignment of error and remanding the case.

. . . . . . . . . .

Copies mailed to:

John A. Smalley
Mark S. Maddox
Hon. Steven K. Dankof