LUPER SCHUSTER, J., dissenting.
 

 {¶ 18} Because I would not sua sponte dismiss for lack of a final appealable order without, at a minimum, ordering supplemental briefing, I respectfully dissent.
 

 {¶ 19} The majority relies on the Supreme Court of Ohio's decision in
 
 Smith v. Chen,
 

 142 Ohio St.3d 411
 
 ,
 
 2015-Ohio-1480
 
 ,
 
 31 N.E.3d 633
 
 , for the proposition that an order compelling the production of documents alleged to be privileged work product is not a final appealable order where the appealing party does not affirmatively establish that an immediate appeal is necessary pursuant to R.C. 2505.02(B)(4)(b). However, before dismissing for lack of a final appealable order in
 
 Chen
 
 , the Supreme Court first ordered the parties to show cause why the appeal should not be dismissed for lack of jurisdiction pursuant to R.C. 2505.02.
 
 Chen
 
 at ¶ 6. Thus, it was only after the parties failed to articulate why they would not be afforded a meaningful or effective remedy by an appeal following final judgment,
 
 when specifically prompted
 
 , that the Supreme Court found no final appealable order.
 

 {¶ 20} The specific factual and procedural posture is vital to
 
 Chen
 
 and to the cases that purport to follow it. As this court noted in
 
 Summit Park Apts., LLC v. Great Lakes Reinsurance (UK), PLC,
 

 2016-Ohio-1514
 
 ,
 
 49 N.E.3d 363
 
 , also cited by the majority, to the extent the Supreme Court intended to impose an affirmative burden to establish that an immediate appeal is necessary in an order compelling the production of allegedly privileged work product, such an affirmative burden is highly fact-specific.
 
 Id.
 
 at ¶ 11 (noting that, in
 
 Chen
 
 , "factually, the party seeking to defend privilege and work product on appeal in [
 
 Chen
 
 ] failed to show cause when ordered to do so on whether there was a final appealable order"). It follows, then, that the requirement of the affirmative burden should not be used as a basis for dismissal without first giving the party the opportunity to meet that burden. Additionally, we noted in
 
 Summit Park Apts.
 
 that the appellant in that case argued in its briefing that it would be denied a meaningful remedy if it could not immediately appeal and, thus, declined to find no final appealable order pursuant to
 
 Chen
 
 .
 
 Summit Park Apts.
 
 at ¶ 11.
 

 {¶ 21} Critically here, unlike in
 
 Summit Park Apts.
 
 , this court sua sponte raised the issue of a potential lack of a final appealable order. Therefore, at a minimum, I would not decide this issue without giving the parties the opportunity to weigh in through supplemental briefing.
 
 See
 

 Id.
 
 at ¶ 11 (noting that, through briefing, the appealing party was able to affirmatively demonstrate than an immediate appeal was necessary).
 
 See also
 

 Nami v. Nami,
 
 10th Dist. No. 17AP-265,
 
 2017-Ohio-8330
 
 ,
 
 2017 WL 4861533
 
 , ¶ 12 (noting it was
 
 appellee's
 
 argument that the order was not final and appealable, meaning the parties
 had the opportunity to address the issue through briefing). To the extent this court is going to interpret
 
 Chen
 
 to impose an affirmative burden in work-product privilege cases, I would not impose such a burden without giving the parties an opportunity to be on notice of the issue.
 
 See, e.g.,
 

 State v. Yarbrough
 
 ,
 
 104 Ohio St.3d 1
 
 ,
 
 2004-Ohio-6087
 
 ,
 
 817 N.E.2d 845
 
 , ¶ 4 (the Supreme Court requested supplemental briefing from the parties on the issue of jurisdiction, an issue not previously raised in the proceedings).
 

 {¶ 22} Moreover, the majority specifically declines to apply Supreme Court cases pertaining to attorney-client privilege on the grounds that this case involves solely a question of work-product privilege and not of attorney-client privilege. I would not find the issue to be so neatly contained. Though they are indeed two distinct concepts, the work-product privilege emanates from, and is interrelated with, attorney-client privilege.
 
 See
 

 Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.
 
 ,
 
 127 Ohio St.3d 161
 
 ,
 
 2010-Ohio-4469
 
 ,
 
 937 N.E.2d 533
 
 , ¶ 55 (explaining "the work-product doctrine provides a
 
 qualified
 
 privilege protecting the attorney's mental processes in preparation of litigation");
 
 Burnham v. Cleveland Clinic
 
 ,
 
 151 Ohio St.3d 356
 
 ,
 
 2016-Ohio-8000
 
 ,
 
 89 N.E.3d 536
 
 , at ¶ 31-79 (Kennedy, J., plurality). Thus, many of the same concepts applying to the disclosure of attorney-client privilege, most notably the notion that "the proverbial bell cannot be unrung," apply equally to an analysis of the final nature of an order compelling the production of work-product privilege as it would to an order compelling the production of materials deemed to be attorney-client privilege.
 
 Summit Park Apts.
 
 at ¶ 11 (internal quotations omitted). This court has recognized, post-
 
 Chen
 
 , the interrelated nature of claims of attorney-client privilege and work-product privilege.
 
 Summit Park Apts.
 
 at ¶ 11 (analyzing in a common analysis, without distinction, whether an order compelling the disclosure of potentially privileged matter was a final appealable order).
 

 {¶ 23} For these reasons, I respectfully dissent.