[Cite as *State v. Remy*, 2024-Ohio-2119.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 23CA705 |
| Plaintiff-Appellee, | : | DECISION AND JUDGMENT ENTRY |
| v. | : | |
| Jeffery Lee Remy, | : | **RELEASED 5/30/2024** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Kathleen Evans, Office of the Ohio Public Defender, Assistant State Public Defender, Columbus, Ohio, for appellant.

William L. Archer, Jr., Vinton County Prosecuting Attorney, McArthur, Ohio, for appellee.
_____
Hess, J.

{¶1} Jeffery Lee Remy appeals from a judgment entry of conviction and sentence of the Vinton County Common Pleas Court convicting him, following no contest pleas, of two counts of aggravated possession of drugs, one count of tampering with drugs, and two counts of possession of drugs. Remy presents one assignment of error asserting that the trial court erred when it failed to suppress evidence found during an illegal search incident to arrest based on a revoked arrest warrant. However, the judgment entry from which Remy appeals does not include a sentence for the two counts of possession of drugs, so it is not a final appealable order. Therefore, we lack jurisdiction to consider this appeal and dismiss it.

## I. PROCEDURAL HISTORY

{¶2} In September 2021, Remy was indicted on five counts: (1) Count One, aggravated possession of drugs, a third-degree felony; (2) Count Two, tampering with drugs, a third-degree felony; (3) Count Three, aggravated possession of drugs, a fifth-degree felony; (4) Count Four, possession of drugs, a first-degree misdemeanor; and (5) Count Five, possession of drugs, a fifth-degree misdemeanor. Remy initially pleaded not guilty. He filed a motion to suppress, which the trial court overruled.

{¶3} On March 22, 2023, the trial court conducted a change of plea and sentencing hearing. Remy changed his plea to no contest on all counts, and the trial court accepted the no contest pleas and found him guilty as charged. Regarding sentencing, the trial court stated:

> With respect to Count 1, the Court will order the defendant to serve 36 months in prison. However, that entire amount will be stayed.
>
> With respect to Count 2, * * * a sentence of 36 months in prison. However, that term will be stayed.
>
> With respect to Count 3, * * * a term of 12 months in prison. That term will be stayed. That will be for a total stated prison term of 84 months.
>
> Additionally, with respect to Count 4, * * * 180 days in jail.
>
> And with respect to Count 5, * * * 180 days in jail.
>
> Uh, however, with respect to any sentence which were to be handed down, um, in the way of a prison term for the defendant, those would be required by statute to run concurrently with the total stated prison term of 84 months anyway.
>
> Additionally, the Court will place the defendant on a term of community control for a period of three years under the standard terms and conditions, including that he complete drug treatment and that he pay the costs of this action.
>                                     * * *

The essence of what that means, Mr. Remy, is that you're being placed on a term of community control. If you were to violate any of the conditions of that community control, you will be brought back before the Court. The Court could impose additional sanctions, including a longer time as the State has recommended. Uh, additionally, the Court could sanction you to 84 months in prison as I've already explained to you.

* * *

{¶4} On April 19, 2023, the court issued a judgment entry of conviction and sentence. The entry indicates that the court accepted Remy's no contest pleas and entered a judgment of conviction finding him guilty on all counts. The entry states that "[f]or reasons stated on the record the Court finds that community control sanctions are consistent with the purposes of Ohio Revised Code § 2929.11." The entry then states that "[i]t is therefore ORDERED that, with respect to Count One * * *, Defendant is sentenced to three years of community control, with respect to Count Two * * *, Defendant is sentenced to three years of community control, and with respect to Count Three * * *, Defendant is sentence[d] to three years of community control, for a total term of community control of three years." The entry sets forth conditions of community control and states:

The Court hereby notifies Defendant that if the conditions of the community control sanctions herein imposed are violated, the Court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term of 36 months on Count One, a prison term of 36 months on Count Two, and a prison term of twelve months on Count Three. Additionally said prison terms may be ordered to run consecutive to one another, for a total stated prison term of 84 months.

With respect to Count Four * * *, the Court may impose a jail sentence of 180 days; however, pursuant to statute that jail sentence would run concurrent to any prison sentence ordered under Count One, Count Two, and/or Count Three. With [r]espect to Count Five * * *, the Court may impose a jail sentence of 180 days; however, pursuant to statute that jail sentence would run concurrent to any prison sentence ordered under Count One, Count Two, and/or Count Three.

* * *

Remy appealed from this entry.

## II. ASSIGNMENT OF ERROR

{¶5} Remy presents one assignment of error: "The trial court erred when it failed to suppress evidence found during an illegal search incident to arrest based on a revoked arrest warrant."

## III. LAW AND ANALYSIS

{¶6} Before we address the merits of the appeal, we must determine whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Ohio Constitution, Article IV, Section 3(B)(2). "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *Clifton v. Johnson*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, ¶ 8. "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Id.* Our review of the record revealed a jurisdictional issue, and we ordered the parties to file supplemental briefs regarding it.

{¶7} "The General Assembly enacted R.C. 2505.02 to specify which orders are final." *State v. Cutright*, 4th Dist. Ross No. 20CA3718, 2021-Ohio-1582, ¶ 6, citing *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8. R.C. 2505.02(B)(1) states that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" "Undoubtedly, a judgment of conviction qualifies as an order that 'affects a substantial right' and

'determines the action and prevents a judgment' in favor of the defendant." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 9, *modified in part on other grounds by State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

**{¶8}** "Crim.R. 32(C) outlines the elements that a final, appealable judgment of conviction must contain." *State v. McKinney*, 4th Dist. Lawrence No. 22CA7, 2023-Ohio-1587, ¶ 9, citing *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 47. Crim.R. 32(C) states:

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

Thus, "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester* at paragraph one of the syllabus. "As a general matter, '[o]nly one document can constitute a final appealable order,' meaning that a single entry must satisfy the requirements of Crim.R. 32(C)." *Jackson* at ¶ 48, quoting *Baker* at ¶ 17. Moreover, "all counts of an indictment must be resolved before a judgment entry of conviction may become a final, appealable order." *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, ¶ 15.

**{¶9}** The judgment entry of conviction and sentence in this case does not fully resolve all counts of the indictment. In the entry, the trial court sentenced Remy to three years of community control on Counts One, Two, and Three. However, the entry contains

no sentence for Counts Four or Five.  Instead, the trial court notified Remy that *if* he violated the conditions of community control, which again, the entry imposed only on Counts One, Two, and Three, the court *may* impose a jail sentence of 180 days on Counts Four and Five.

**{¶10}** In his supplemental brief, Remy concedes the entry "fails to explicitly impose a sentence" for Counts Four and Five. However, he asserts that "reviewing the sentencing hearing as a whole, the trial court understood its sentence to suspend the jail term imposed" on those counts "and place Mr. Remy on community control for those counts as well." He asserts that the omission of an explicit sentence for those counts in the entry is a clerical error which the trial court has authority to correct via nunc pro tunc entry "with leave from this court."  Therefore, he asks us to stay this appeal and remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc entry correcting the judgment entry of conviction and sentence.

**{¶11}** However, " ' "[i]t is axiomatic that a court speaks only through its journal entries." ' "  *State v. Richards*, 4th Dist. Washington No. 20CA12, 2021-Ohio-389, ¶ 12, quoting *State v. Payton*, 4th Dist. Scioto No. 14CA3628, 2015-Ohio-1796, ¶ 7, quoting *State ex rel. Collier v. Farley*, 4th Dist. Lawrence No. 05CA4, 2005-Ohio-4204, ¶ 18. Because the judgment entry of conviction and sentence does not include a sentence for Counts Four and Five, those counts remain unresolved, and the entry is not a final appealable order.  Therefore, we lack jurisdiction to consider the appeal and to remand this matter to the trial court.  *See In re C.K.*, 2d Dist. Clark No. 2015-CA-68, 2016-Ohio-1418, ¶ 8-12 (because there was not a final appealable order, appellate court lacked jurisdiction over appeal and to remand to juvenile court to issue a nunc pro tunc entry).

"The appeal must be dismissed, and a new final judgment entered." *Id.* at ¶ 11. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL IS DISMISSED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**