DOE et al., Appellees,

v.

UNIVERSITY OF CINCINNATI, d.b.a. Paul I. Hoxworth
Blood Center, et al., Appellants.

[Cite as *Doe v. Univ. of Cincinnati* (1991), 70 Ohio App.3d 354.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP-172.

Decided Sept. 3, 1991.

*Rawlings & Associates, Robert J. Stauble, George R. Rawlings* and *Henry V. Sanders,* for appellees.

*Lee I. Fisher,* Attorney General, and *William J. McDonald,* for appellants.

*Per Curiam.*

Defendants-appellants, University of Cincinnati, d.b.a. Paul I. Hoxworth Blood Center, et al., filed an appeal on February 2, 1990 from the order entered in this case by the Ohio Court of Claims on January 25, 1990. Appellants assign as error the following:

"I.   The trial court erred by failing to find that the plaintiff's interest in discovery from a volunteer blood donor is barred by the donor's constitutional right to privacy and by society's interest in a safe and adequate volunteer blood supply.

"II.   The trial court erred by failing to require plaintiff to demonstrate a compelling need to obtain information from a volunteer blood donor.

"III. The trial court erred by failing to rule upon the issue of whether the blood center met the standard of care, prior to ordering the blood center to breach donor confidentiality for the purpose of deposing a volunteer blood donor.

"IV. The trial court erred by failing to provide for prior notice to the donor and an opportunity to obtain counsel prior to ordering the blood center to breach donor confidentiality for the purpose of deposing the donor.

"V. The trial court erred by ordering a hospital to disclose the name, address and phone number of a former patient of the hospital in violation of R.C. 2317.02."

The background of this case is thoroughly set forth in *Doe v. Univ. of Cincinnati* (1988), 42 Ohio App.3d 227, 538 N.E.2d 419 (*"Doe I"*).

The order of January 25, 1990 accomplished three objectives. First, it set a non-oral hearing date for appellants' motion for summary judgment. Second, it granted appellants' motion to bifurcate the trial so that the issue of standard of care would be tried first and the issue of causation would be tried separately thereafter. Finally, the court ordered appellants to furnish to the court the name, address, and telephone number of the blood donor for the purpose of a court-administered deposition of the donor on the seventy-six questions contained in the order. The portions of the January 25, 1990 order, which bifurcate the trial and dictate the limits of discovery of the blood donor, resulted from a prior discovery order entered by the Court of Claims on September 11, 1989. The judgment of September 11, 1989 summarily ruled on several of the plaintiffs' motions to compel discovery filed in this case. The decision concluded, in relevant part:

"Plaintiffs' action is based upon the contention that defendant should have made inquiries of the donor with regard to his homosexual activities and that its failure to do so constituted negligence. Plaintiff has no need to have additional information about the donor in order to prevail on that issue. However, to establish liability, plaintiff must further show that such alleged negligence was the proximate cause of plaintiff's contracting A.I.D.S. It is for this reason that plaintiff must be given the opportunity to at least attempt to discover whether or not the donor did engage in homosexual conduct. * * *

" * * * Should the donor still be living, and should plaintiff want additional information on the donor, *plaintiff shall submit written questions to the donor. These questions shall initially be reviewed by the court and, if*

*proper, the court shall attempt to have them answered under oath.* Defendant must agree to the admissibility of these answers, otherwise the court envisions no manner in which to avoid ordering the open disclosure of donor's identity. \* \* \* " (Emphasis added.)

It was thereafter determined that the donor was living.

On October 12, 1989, appellants submitted their motion to bifurcate the trial on the issues of liability and proximate cause. The basis for the motion to bifurcate was to prevent any discovery of the donor in the event appellants prevailed on the standard-of-care issue, since the court specifically ruled on September 11, 1989 that donor discovery was necessary only for determining proximate cause. Nevertheless, both plaintiffs and defendants submitted proposed questions to be asked the donor in a future deposition in compliance with the protective order contained in the September 11, 1989 entry.

Finally, on December 20, 1989, appellees amended their complaint to include a wrongful death claim and Mary Doe, as administrator, following the death of Jane Doe.

All of appellants' assignments of error concern the discoverability of the donor's identity for purposes of a court-administered deposition. In their first and second assignments of error, appellants assert that the donor's constitutional right to privacy, recognized by us in *Doe I,* prevents any discovery whatsoever of the donor. In response, appellees urge that discovery was sufficiently limited to protect the donor's privacy rights and that R.C. 3701.-243(A) was inapplicable in this case. In their third assignment of error, appellants basically contend that any discovery of the donor prior to a judgment which defines appellees' duty of care is irrelevant under Civ.R. 26(B)(1) due to the court's determination on September 11, 1989 that donor discovery was necessary only to establish proximate cause and subsequent bifurcation order. Nevertheless, appellees respond that deposition of the donor is necessary to determine appellees' standard of care. Appellants' fourth assignment of error concerns the donor's right to counsel at the court-ordered deposition. Finally, appellants assert in their fifth assignment of error that hospital records held by the University of Cincinnati regarding the donor's hospitalization are statutorily privileged by R.C. 2317.02.

A review of the arguments made by appellants in this appeal reveals that appellants' appeal is entirely focused on the issue of whether the court-administered deposition of the donor, which was initially ordered by the court on September 11, 1989, comported with our decision in *Doe I.* In essence,

therefore, appellants are now appealing the protective discovery order of September 11, 1989, which approved limited discovery of the donor so long as his identity is not revealed to appellees. It matters not that the actual questions to be asked the donor at the court's deposition were not screened by the court until January 25, 1990, because the order of September 11, 1989 specifically says that the court *shall* depose the donor. The decision to depose the donor was, therefore, entered on September 11, 1989. Furthermore, appellants' basic argument on appeal is that any discovery of the donor whatsoever is violative of the donor's right to privacy.

■ Even if we extended our rationale of *Doe I* to conclude that the more limited discovery order which prevented disclosure of the donor's identity to appellees by mandating a court-administered deposition was a final appealable order, we nevertheless must dismiss appellants' appeal for lack of subject matter jurisdiction because appellants filed their appeal more than thirty days from the judgment entry of September 11, 1989. Similarly, even if appellants directly challenged the propriety of the bifurcation order contained in the judgment entry of January 25, 1990, a bifurcation order pursuant to Civ.R. 42(B) is not a final appealable order. *Fireman's Fund Ins. Co. v. BPS Co.* (1982), 4 Ohio App.3d 3, at 4, 4 OBR 23, at 23, 446 N.E.2d 181, at 181; *Noble v. Colwell* (1989), 44 Ohio St.3d 92, at 96, 540 N.E.2d 1381, at 1384–1385.

In sum, we hold that we lack subject matter jurisdiction to decide the merits of the assignments of error since our jurisdiction was not properly invoked. To challenge the court's grant of limited discovery of the donor on appeal, App.R. 4(A) required appellants to file an appeal within thirty days of the judgment entry which ordered such discovery. That judgment entry was filed by the Court of Claims on September 11, 1989. Furthermore, the bifurcation order of January 25, 1990 is not a final appealable order. Appellants' appeal is dismissed and the cause is remanded to the Ohio Court of Claims for further proceedings in accordance with law.

*Appeal dismissed*
*and cause remanded.*

McCORMAC, PEGGY BRYANT and GERKEN, JJ., concur.

THOMAS H. GERKEN, J., of the Hocking County Court of Common Pleas, sitting by assignment.