OPINION
{¶ 1} The defendants-appellants, Employers Insurance of Wausau and Nationwide Insurance Companies (hereinafter "the insurers" or "Wausau" or "Nationwide"), appeal the decision of the Union County Court of Common Pleas compelling them to release attorney-client documents and work product that were prepared prior to the insurers denial of insurance coverage.
 {¶ 2} From 1968 to 1971, the plaintiff-appellee, the Scotts Company (hereinafter "Scotts"), purchased insurance coverage from Wausau to protect themselves from possible liability caused by asbestos. After a series of transactions, Nationwide assumed the responsibility of handling the claims associated with the coverage that Scotts purchased from Wausau.
 {¶ 3} In 1999, Scotts and Nationwide agreed that Nationwide would buy out some of Scotts' insurance coverage for $500,000, which would release the insurers from any further environmental coverage resulting from the policies originally purchased from Wausau.
 {¶ 4} In 2002, various civil actions were filed against Scotts seeking damages resulting from alleged exposure to asbestos in their products. Scotts sought coverage under the Wausau policies, but the insurers denied coverage stating that the 1999 release was a complete buy back of the coverage.
 {¶ 5} Scotts filed suit in December 2003 alleging breach of contract, bad faith denial of insurance coverage, and declaratory relief. As part of the litigation, Scotts submitted discovery requests for, inter alia, attorney-client documents and work product pursuant to the Ohio Supreme Court's holding in Boone v.Vanliner Insurance Co. (2001), 91 Ohio St.3d 209,744 N.E.2d 154. The insurers immediately objected and filed a motion in opposition.
 {¶ 6} On November 19, 2004, the trial court ordered that the insurers comply with Scotts request regarding attorney-client documents and work product. The court stated:
With regards to such responses by Defendants, pursuant to theholding in Boone v. Vanliner Insurance Company . . . theattorney/client privilege and work product doctrine are abrogatedas to any responsive materials dated or prepared prior to March7, 2003, the date of Defendant's denial of coverage.
Order Compelling Discovery, Nov. 19, 2004, at p. 1.
 {¶ 7} It is from this order that the insurers appeal alleging one assignment of error.
THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'SDISCOVERY OF PRIVILEGED ATTORNEY-CLIENT COMMUNICATIONS THATEXTENDS WELL BEYOND THE SCOPE OF BOONE V. VANLINER (2001), 91OHIO ST.3D 209, 744 N.E. 154, WHICH ALLOWS THE ATTORNEY-CLIENTAND WORK PRODUCT PROTECTIONS TO BE ABROGATED ONLY FORMATERIALS IN THE CLAIMS FILE — I.E., MATERIALS CREATED AFTERTHE TENDER OF THE CLAIM THROUGH THE DATE OF DENIAL OF COVERAGEUSED IN THE ASSESSMENT OF COVERAGE.
 {¶ 8} As a threshold matter, we begin by discussing whether this issue is ripe for our review. Scotts argues that despite the trial court's order compelling the insurers to release attorney-client documents and other work product pursuant toBoone, nothing in the record indicates that there are any documents that fall within that discovery request. In other words, Scotts contends that because the insurers have not presented any documents that may be subject to the Boone
exception to privileged information, any analysis by this court would not be ripe because there is no controversy before us. On the other hand, however, if there were actual privileged documents presented to the trial court that the insurers wished to protect under attorney-client or work product protection, then the issue would be ripe for review.
 {¶ 9} The Ohio Supreme Court summarized the definition of "ripeness" by stating:
Ripeness is peculiarly a question of timing. The ripenessdoctrine is motivated in part by the desire to prevent thecourts, through avoidance of premature adjudication, fromentangling themselves in abstract disagreements overadministrative policies.
* * *
The basic principle of ripeness may be derived from theconclusion that judicial machinery should be conserved forproblems which are real or present and imminent, not squanderedon problems which are abstract or hypothetical or remote. [T]heprerequisite of ripeness is a limitation on jurisdiction that isnevertheless basically optimistic as regards the prospects of aday in court: the time for judicial relief is simply not yetarrived, even though the alleged action of the defendantforetells legal injury to the plaintiff.
 State ex rel. Elyria Foundry Co. v. Industrial Commission ofOhio (1998), 82 Ohio St.3d 88, 89, 694 N.E.2d 459 (internal citations and quotations omitted).
 {¶ 10} In the case before us, the insurers argue that they
vigorously disagree that any basis exists to support a claimof bad faith, but for purposes of this motion, Appellants do notchallenge the production of the materials in Scotts' claim filerelated to the determination of coverage for asbestos claimscreated from the date the claim was tendered to the date ofdenial. Appellants submit, however, that no legal basiswhatsoever exists to support the discoverability of privilegedmaterials outside this specific claim file unrelated todetermining coverage for this particular claim. * * * The trialcourt therefore abused its discretion by ordering Appellants toproduce attorney-client privileged materials not contained withinthe claim file and in particular documents created prior to thedate the claim was tendered, potentially including documents fromother claim files not only of this policy holder but potentiallyother policy holder[s].
Appellant's Brief at p. 6.
 {¶ 11} Despite this argument, however, we are unclear as to whether documents actually exist that may fall within the order executed by the trial court and challenged by the insurers. According to the insurers' summarization of the argument, they are concerned with releasing "potential" attorney-client documents that could include claim files of other policy holders. A review of the record indicates that there is no concrete evidence that documents such as these actually exist.
 {¶ 12} Without any indication that there are documents that the insurers wish to withhold from discovery pursuant to the possible limits in Boone, any determination by us would merely be a hypothetical or abstract extrapolation of that case. Moreover, without any specific documents, we cannot conclude whether those "documents" would be within "the claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage."[1] Boone, 91 Ohio St.3d 209 at the syllabus.
 {¶ 13} Accordingly, to the extent the trial court orders all requested documents to be produced directly to the plaintiffs, the judgment of the trial court is vacated. The remainder of the trial court's judgment is affirmed. The matter is remanded to the trial court with instructions to modify its judgment to require production of all requested documents directly to the trial court in order to perform an in camera review of any and all documents that may fall within the discovery order set forth by the trial court and the decision of the Ohio Supreme Court inBoone.
 {¶ 14} Once the trial court orders the disclosure of specific documents, the insurers may have a proper appeal to this Court for review of whether those documents are within the purview ofBoone. See, Id. at 210 (highlighting that the trial court ordered the insurance company to submit its claims file to the court for an in camera inspection to determine which documents, if any, were protected from discovery). To the foregoing extent only, the assignment of error is sustained in part, the judgment of the trial court is affirmed in part and vacated in part and the matter is remanded to the trial court for further proceedings in accordance with this opinion.
Judgment Affirmed in Part, Vacated in Part, and CauseRemanded.
 Cupp, P.J. and Bryant, J., concur.
[1] Even in Boone, there were twenty-nine documents presented to the Court that the insurer claimed was protected. Boone,91 Ohio St.3d at 214. The Court reviewed the contents of each document presented to the Court to determine whether the information contained therein was protected by the attorney-client privilege or work product doctrine or abrogated from protection pursuant to the rule crafted in that case.