[Cite as *Branche v. Motorists Mut. Ins. Co.*, 2016-Ohio-3238.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| RAY BRANCHE, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-004** |
| MOTORISTS MUTUAL INSURANCE COMPANY, | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2014 CV 002396.

Judgment: Appeal dismissed.

*Brian C. Lee*, Reminger Co., L.P.A., 1400 Midland Building, 101 Prospect Avenue, West, Cleveland, OH 44116 (For Plaintiff-Appellee).

*Todd M. Haemmerle* and *Richard C.O. Rezie*, Gallagher Sharp, Sixth Floor, Bulkley Building, 1501 Euclid Avenue, Cleveland, OH 44115 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} This matter is before us on the motion of Plaintiff Ray Branche to dismiss the appeal filed by Defendant Motorists Mutual Insurance Company from a December 28, 2015 judgment entry of the Lake County Court of Common Pleas. For the following reasons, the motion to dismiss is granted, and the appeal is dismissed for lack of a final, appealable order.

{¶2} Mr. Branche's complaint against Motorists Mutual, alleging breach of insurance contract and "bad faith" claims, is currently pending before the trial court. On November 18, 2015, Motorists Mutual filed a "motion to stay and bifurcate plaintiff's 'bad faith' claim and punitive damages." On the same date, Motorists Mutual filed a "Rule 26(C) motion for protective order" as to certain discovery requests. Mr. Branche filed responses to both motions.

{¶3} On December 28, 2015, the trial court denied the motion to stay discovery and to bifurcate as it relates to the "bad faith" claim. It granted the motion to bifurcate the issue of punitive damages, as required by statute in R.C. 2315.21(B). Motorists Mutual filed a notice of appeal from this decision.

{¶4} Mr. Branche filed a motion to dismiss the appeal, arguing the trial court's order is not final and appealable. Motorists Mutual filed an opposition to the motion to dismiss, arguing the trial court's interlocutory order is appealable because it "allowed discovery to proceed on Plaintiff's bad faith claim over objections of privilege and attorney work-product protection."

{¶5} An order granting or denying a motion to bifurcate claims of liability under Civ.R. 42(A) is neither final nor immediately appealable. *See, e.g.*, *King v. Am. Std. Ins. Co. of Ohio*, 6th Dist. Lucas No. L-06-1306, 2006-Ohio-5774, ¶19; *Doe v. Univ. of Cincinnati*, 70 Ohio App.3d 354, 358 (10th Dist.1991); *Goettl v. Edelstein*, 5th Dist. Richland No. CA 2339, 1985 Ohio App. LEXIS 9815, *2 (Dec. 5, 1985). Likewise, it is well-established that "discovery orders are 'interlocutory and, as such, are neither final nor appealable.'" *Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676, ¶33, quoting *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420 (1994),

2

paragraph seven of the syllabus. A narrow exception to this rule is that "an order compelling the production of privileged documents to an opposing party does constitute a final appealable order." *Id.* at ¶34.

{¶6} Here, the trial court did not rule on Motorists Mutual's claims of privilege and work product protection nor did it compel discovery. Rather, the trial court merely ruled that discovery on the "bad faith" claim would not be stayed pending the outcome of the breach of contract claim and that litigation on these separate claims would not be bifurcated. Motorists Mutual's motion for a protective order regarding certain discovery requests, as well as Mr. Branche's reply in opposition, remain pending before the trial court. Motorists Mutual's argument is therefore wholly without merit.

{¶7} For the foregoing reasons, the trial court's December 28, 2015 interlocutory order is not immediately appealable. Mr. Branche's motion to dismiss is hereby granted.

{¶8} This appeal is dismissed for lack of a final or otherwise appealable order.

CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3