[Cite as *Nationwide Mut. Fire Ins. Co. v. Jones*, 2017-Ohio-4244.]
IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

NATIONWIDE MUTUAL FIRE
 INSURANCE COMPANY,                          :

     Plaintiff-Appellant,                     :       CASE NO.   15CA3709

     vs.                                      :

MARK JONES, et al.,                          :       DECISION & JUDGMENT ENTRY

     Defendants-Appellees.                    :

_____

APPEARANCES:

David G. Jennings and J. Stephen Teetor, Columbus, Ohio, and Brian L. Wildermuth, Dayton, Ohio, for appellant.

Robert P. Rutter and Robert A. Rutter, Cleveland, Ohio, and Robert R. Miller and Rebecca D.L. Waigand, Wellston, Ohio, for appellees.

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED:5-31-17
ABELE, J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court decision that denied a motion to stay discovery filed by Nationwide Mutual Fire Insurance Company, plaintiff below and appellant herein.   Appellant raises the following assignments of error for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED IN ITS ORDER AND DECISION OF AUGUST 26, 2015 BY FAILING TO STAY DISCOVERY ON DEFENDANT'S SEPARATE BAD FAITH TORT COUNTERCLAIMS WHICH WILL PREJUDICE NATIONWIDE BY ALLOWING DISCOVERY OF PRIVILEGED

INFORMATION, ATTORNEY CLIENT COMMUNICATION AND WORK PRODUCT IN THE UNDERLYING CASE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY NOT PROPERLY AND EFFECTIVELY BIFURCATING THE UNDERLYING CONTRACT CASE AND BAD FAITH CASE BY ORDERING THAT THE SECOND BAD FAITH TRIAL COMMENCE WITH THE SAME JURY IMMEDIATELY AFTER THE UNDERLYING TRIAL, AND ALLOWING DISCOVERY TO PROCEED ON BOTH CLAIMS."

{¶ 2} In March 2014, a fire destroyed a home that appellant insured and in which Mark and Erica Jones, defendants below and appellees herein, resided. Appellant subsequently filed a declaratory judgment and breach of contract action against appellees and requested the court to declare that appellees are not entitled to insurance coverage under the homeowner's insurance policy. [1] Appellant alleged that appellees intentionally set fire to the home, made false statements, and committed fraud. Appellant asserted that its policy precludes coverage for damages resulting from intentional acts, or when an insured (1) intentionally conceals or misrepresents any material fact or circumstance, or (2) commits fraud or makes false statements relating to the loss. Appellant thus claimed that its policy precludes coverage for appellees' loss.

{¶ 3} Appellees answered and filed a counterclaim for breach of contract and bad faith. Appellees requested compensatory and punitive damages.

{¶ 4} Appellant filed a combined motion to bifurcate and to stay discovery regarding appellees' bad faith claim until the contractual dispute was resolved. Appellees opposed

---

[1] Appellant also named Donald Jones, Mark's father, as a defendant in the action. Donald did not appealed the trial court's judgment.

appellant's motion.   The trial court found that the parties had yet to engage in any discovery and denied appellant's motion as premature.

{¶ 5} After appellees submitted discovery requests to appellant, appellant renewed its motion to bifurcate and to stay discovery.   Appellant alternatively requested the court to issue a protective order.   Appellant asserted that appellees requested privileged information.   Appellant claimed that appellees sought to depose its trial counsel, who also took part in investigating appellees' loss.   Appellant argued that deposing its trial counsel would breach its attorney-client privilege and disclose attorney work-product.   To support its motion, appellant attached its trial counsel's affidavit.   In it, he stated:

> If the bad faith and punitive claims are not bifurcated and stayed, the defense of the underlying case will be prejudiced as disclosures of my privileged communications and work product would be divulged, and prejudice the preparation and prosecution of the declaratory judgment action.   I would be effectively disqualified as counsel, as I would be a material witness on the bad faith defense.

He continued that appellees "have directly requested my communications with Nationwide, which are protected from discovery by the attorney-client privilege.   [Appellees] also seek to discover documents and information comprising my thoughts, impressions, analyses, and advice–all of which are protected by the attorney work product doctrine and Civil Rule 26."   Appellant additionally attached its responses to appellees' discovery requests.   Appellant objected to certain interrogatories and requests for production of documents and asserted: "[T]he interrogatory infringes upon the attorney-client privilege, the work product doctrine, and/or Civil Rule 26(B)(3). * * * * Privileged and work product protected documents are not even arguably discoverable during the first phase of a bifurcated case."

{¶ 6} On August 26, 2015, the trial court granted, in part, appellant's motion to bifurcate, and denied appellant's motion to stay discovery. In partially granting appellant's motion to bifurcate, the court stated that it will try the declaratory judgment and breach of contract actions separately from the bad faith claim, and that the "phases will be tried back-to-back, one right after the other, and [the] jury shall remain the same." The court recognized appellant's claim that "allowing discovery to go forward on all claims will result in prejudice to Nationwide–including the requested deposition of its trial counsel * * * and the discovery of privileged information and work product," and appellee's assertion "that they are entitled to the discovery now prior to the first phase." The court agreed with appellees and thus "denie[d appellant's] Motion to Stay discovery of privileged communications and work product." The court determined that the bifurcation "statute mandates bifurcation of the trial, not of discovery." The trial court did not specifically address appellant's alternative request for a protective order. This appeal followed.

{¶ 7} Before we consider the merits of appellant's appeal, we first reconsider our jurisdiction to do so. This court previously determined that the court's decision concerning appellant's motion to bifurcate is not a final, appealable order, and that we thus lack jurisdiction to consider this part of the trial court's decision. *Nationwide Mut. Fire Ins. Co. v. Jones*, 2016-Ohio-513, 60 N.E.3d 448 (4th Dist.). We do not find any need to reconsider this conclusion. We do, however, believe that the Ohio Supreme Court's intervening decision in *Burnham v. Cleveland Clinic*, — Ohio St.3d —, 2016-Ohio-8000, — N.E.3d —, requires that we reconsider our prior determination that the trial court's decision to deny appellant's motion to stay discovery is a final, appealable order.

{¶ 8} In *Burnham*, the court considered whether "an order compelling the production of documents allegedly protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4)." *Id.* at ¶1. In *Burnham*, the trial court ordered the Cleveland Clinic to produce an incident report that the Clinic claimed was protected by the attorney-client privilege. The Clinic appealed, but the court of appeals dismissed it for lack of a final, appealable order.

{¶ 9} On appeal to the supreme court, the Clinic argued that the attorney-client privilege protected the incident report from discovery and that the trial court's order compelling it to produce report should be immediately appealable under R.C. 2505.02(B)(4). The court started by examining R.C. 2505.02(B)(4), which states:

> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

The court observed that a provisional remedy means "a proceeding ancillary to an action, including, but not limited to * * * discovery of privileged matter." R.C. 2505.02(A)(3).

{¶ 10} The court explained the R.C. 2505.02(B)(4) analysis as a two-part process. The court stated that "a provisional remedy such as the discovery of privileged or protected materials is final and appealable," if both of the following apply: (1) "the order determines the privilege issue and prevents a judgment in favor of the appellant regarding that issue"; and (2) "the harm caused by the privilege-related discovery order cannot be meaningfully or effectively remedied by an appeal after final judgment." *Id.* at ¶20, citing *State v. Muncie*, 91 Ohio St.3d 440, 446, 746 N.E.2d 1092 (2001). The court determined that an order that compels "the production of

privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials." *Id.* at ¶21. The court further indicated, however, that "the irreversible nature of the order alone does not satisfy R.C. 2505.02(B)(4)(b), which requires consideration of whether an appeal after judgment can rectify the damage of an erroneous trial court ruling." *Id.* To be a final, appealable order, "'[a]n order compelling disclosure of privileged material must truly render a postjudgment appeal meaningless or ineffective.'" *Id.* at ¶27, quoting *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶9.

{¶ 11} The court concluded that permitting discovery "of the information that is to be protected by attorney-client privilege destroys the confidentiality of possibly highly personal or sensitive information that must be presumed to be unreachable," and thus, "that an order compelling production of material covered by the attorney-client privilege is an example of that for which there is no effective remedy other than immediate appeal as contemplated by R.C. 2505.02(B)(4)(b)." *Id.* at ¶25, citing *Taylor v. Sheldon*, 172 Ohio St. 118, 121, 173 N.E.2d 892 (1961), and *Muncie*, 91 Ohio St.3d at 451.

{¶ 12} The court did not find the same principles applicable to an attorney's work product. The court explained:

> * * * [T]he same guarantee of confidentiality is not at risk with an attorney's work product. * * * [A]ny harm from disclosure would likely relate to the case being litigated, meaning that appellate review would more likely provide appropriate relief. This is not to say that compelling the disclosure of an attorney's work product pursuant to Civ.R. 26(B)(3) would never satisfy R.C.

2505.02(B)(4)(b) and require an interlocutory appeal. But it does not necessarily involve the inherent, extrajudicial harm involved with a breach of the attorney-client privilege.

*Id.* at ¶26 (citation omitted).

**{¶ 13}** The court also offered guidance to trial courts so that reviewing courts can ascertain whether an order compelling discovery satisfies R.C. 2505.02(B)(4). The court observed that "responses to motions to compel may assert various claims of privilege in resisting disclosure of materials," and thus, "a trial court should explain why a motion granting production has been granted." *Id.* at ¶28. The trial court's explanation will allow a reviewing court to "determine the pertinent issues and whether the requirements of R.C. 2505.02(B)(4)(a) and (b) are satisfied." *Id.* at ¶28.

**{¶ 14}** The supreme court ultimately held:

> An order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4). Prejudice would be inherent in violating the confidentiality guaranteed by the attorney-client privilege, and therefore, an appeal after final judgment would not provide an adequate remedy.

*Id.* at ¶30. The court also clarified that an order compelling production of material allegedly protected as attorney work product may constitute a final, appealable order. *Id.* at ¶1.

**{¶ 15}** In the case sub judice, we do not believe that the trial court's order to deny appellant's motion to stay discovery satisfies R.C. 2505.02(B)(4). First and foremost, the court's order does not compel appellant to produce any particular evidence. *See* Paul R. Rice, et al., 1 Attorney-Client Privilege: State Law Ohio, Section 11:32 (June 2016 Update) (stating that "Ohio appellate courts will not review orders that fall short of ordering the disclosure of

privileged information" and that "an order denying a request to stay discovery is not a final

appealable order, even if discovery includes additional document productions and depositions

where privileged information may (but not ordered to be) revealed"); *Bell v. Mt. Sinai Med. Ctr.*,

67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993) (concluding that "only * * * after * * * in camera

review and a trial court order compelling disclosure" are substantial rights implicated);[2] *Brahm*

---

[2] In *Bell*, the court explained "the mechanism available to determine whether a claim of privilege in a discovery dispute is justified" as follows:

> "If the defense asserts the attorney-client privilege with regard to the contents of the 'claims file,' the trial court shall determine by in camera inspection which portions of the file, if any, are so privileged. The plaintiff then shall be granted access to the non-privileged portions of the file."

*Id.* at 63-64, quoting *Peyko v. Frederick*, 25 Ohio St.3d 164, 495 N.E.2d 918, paragraph two of the syllabus. The Ohio General Assembly later enacted R.C. 2317.02(A)(2) to address this procedure.

> The General Assembly declares that the attorney-client privilege is a substantial right and that it is the public policy of Ohio that all communications between an attorney and a client in that relation are worthy of the protection of privilege, and further that where it is alleged that the attorney aided or furthered an ongoing or future commission of insurance bad faith by the client, that the party seeking waiver of the privilege must make a prima facie showing that the privilege should be waived and the court should conduct an in camera inspection of disputed communications. The common law established in *Boone v. Vanliner Ins. Co.* (2001), 91 Ohio St.3d 209, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, and *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, is modified accordingly to provide for judicial review regarding the privilege.

2006 S 117, Section 6, eff. Aug. 1, 2007.

> In *Boone*, the court held:

> In an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage.

*Id.* at syllabus.

> In *Moskovitz*, the court held:

> In an R.C. 1343.03(C) proceeding for prejudgment interest, neither the attorney-client privilege nor the so-called work product exception precludes discovery of the contents of an insurer's claims file. The only privileged matters contained in the file are those that go directly to the theory of defense of the underlying case in which the decision or verdict has been rendered.

*Id.* at paragraph two of the syllabus.

*v. DHSC, LLC*, 2016-Ohio-1207, 61 N.E.3d 726 (5th Dist.), ¶26 (determining that trial court order that does not compel the release of any particular documents not a final, appealable order); *Williamson v. Recovery Ltd. Partnership*, 10th Dist. Franklin Nos. 15AP-638, 15AP-639, and 15AP-640, 2016-Ohio-1087, 2016 WL 1092354, ¶10 (noting that discovery order concerning allegedly privileged information final and appealable when "it requires [party] to produce potentially privileged material"); *Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676, 2012 WL 1269128, ¶37 (concluding that trial court's order directing party to produce documents for in camera inspection and to appear for deposition not final and appealable when it did not compel the production of privileged materials; instead, parties "must wait until the trial court has ordered them to reveal confidences and to produce presumptively privileged material to the opposing party"); *Pepperad v. Summit Cty.*, 9th Dist. Summit No. 25057. 2010-Ohio-2862, ¶10 (explaining that "[a] trial court's order is final and appealable to the extent it compels production of claimed privileged materials"); *Finley v. First Realty Property Mgt., Ltd.*, 9th Dist. Summit No. 23355, 2007-Ohio-288, ¶13 (stating that whether a trial court's order denying a protection motion is final and appeal depends upon whether the court issued a separate order that compelled the disclosure of the privileged information); *Scotts Co. v. Employers Ins. Of Wausau*, 3rd Dist. Union No. 14-04-51, 2005-Ohio-4188, 2005 WL 193422, ¶14 (determining that "[o]nce the trial court orders the disclosure of specific documents, the insurers may have a proper appeal to this Court for review of whether those documents are within the purview of *Boone*"); *Ingram v. Adena Health Sys.*, 144 Ohio App.3d 603, 606, 2001-Ohio-2537, 761 N.E.2d 72 (4th Dist.) (noting that "appellants' substantial rights would only be affected after an in-camera inspection and subsequent order compelling disclosure").

{¶ 16} In the case at bar, the trial court has not ordered appellant to produce any specific purportedly privileged documents or communications. Instead, the court generally ordered that discovery regarding appellees' bad faith claim may proceed.[3] Thus, we believe that the trial court's order does not satisfy R.C. 2505.02(B)(4)(a). *Branche v. Motorists Mut. Ins. Co.*, 11th Dist. Lake No. 2106-L-004, 2016-Ohio-3238, 2016 WL 3067810, 6 (concluding that trial court's decision that rejected insurer's request to stay discovery on bad faith claim not final and appealable and noting that trial court did not rule on insurer's privilege claim); *see Adams v. Community Support Services, Inc.*, 9th Dist. Summit No. 21419, 2003-Ohio-3926, 2003 WL 21697396, 12 (determining that order that "merely entitles [party] to conduct additional discovery" "does not mandate the discovery of privileged matters," and thus, "does not grant or deny a provisional remedy"); *see also Scotts Co. v. Employers Ins. Of Wausau*, 3rd Dist. Union No. 14-04-51, 2005-Ohio-4188, 2005 WL 193422, ¶¶8-12 (discussing concept of "ripeness" and determining that insurer's concern "with releasing 'potential' attorney-client documents" did not present a real controversy but only a "hypothetical or abstract" question). The order does not "determine[] the privilege issue and prevent[] a judgment in favor of the appellant regarding that issue." *Burnham* at ¶20. Rather, appellant retains the ability to litigate its privilege claim.

---

[3] In our prior decision, we determined that the trial court's order did not "merely allow for the parties to engage in discovery," but that it "expressly provides for discovery of Nationwide's privileged attorney-client materials, the deposition of its trial counsel, and the discovery of attorney work product relevant to the bad faith claim." *Nationwide v. Jones* at ¶9. Our re-examination of the trial court's decision shows that the court did not actually compel appellant to produce these specific materials. Instead, the court recited (1) appellant's argument that not staying discovery would allow appellees to depose its trial counsel and to discovery privileged information and work product, and (2) appellees' assertion "that they are entitled to this discovery now." The court then stated that it "agrees with [appellees]" and denied appellant's "Motion to Stay discovery of privileged communications and work product of Nationwide." The court did not order appellant to reveal privileged information and work product or to produce its trial counsel for deposition. Rather, the court simply agreed that appellees are entitled to conduct discovery on their bad faith claim. Thus, we believe that our prior decision misconstrued the trial court's decision

{¶ 17} We also find appellant's reliance upon *Garg v. State Auto Mut. Ins. Co.*, 155 Ohio App.3d 258, 2003-Ohio-5960, 800 N.E.2d 757 (2nd Dist.), misplaced. Appellant claims that *Garg* means that a trial court's order denying an insurer's motion to stay discovery regarding an insured's bad faith claim is immediately appealable. In *Garg*, the trial court ordered the insurer to produce specific documents, and thus, the appellate court had the ability to review the court's findings regarding the attorney-client privilege. *Garg* at ¶¶21-24 (discussing specific documents that the trial court had reviewed in camera). In the case sub judice, however, we have no specific documents that the trial court ordered appellant to produce or any specific findings concerning which documents, if any, are or are not protected under the attorney-client privilege. Without an order compelling appellant to produce documents or testimony and a determination whether the attorney-client privilege applies, we have nothing yet to review. We also note that *Garg* predates the Ohio Supreme Court's *Smith v. Chen* and *Burnham* decisions by more than a decade. Thus, we question whether the *Garg* court would have reached the same conclusion if those two cases had been decided at the time.

{¶ 18} We further recognize that appellant alternatively sought a protective order. The trial court, however, did not specifically rule upon the protective order. Without an explanation, we are unable to "determine the pertinent issues and whether the requirements of R.C. 2505.02(B)(4)(a) and (b) are satisfied." *Burnham* at ¶28. Our dismissal of this appeal does not preclude appellant from renewing its motion for a protective order (or employing other measures) and seeking a specific ruling regarding the attorney-client privilege and work product issues from the trial court.

---

that denied appellant's motion to stay.

{¶ 19} Accordingly, based upon the foregoing reasons, we dismiss this appeal.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs

herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

*Brunner, J. & *Klatt, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the
time period for further appeal commences from the date of filing with the clerk.

*Judge Jennifer Brunner and Judge William A. Klatt, Tenth District Court of Appeals, sitting by
assignment of the Ohio Supreme Court in the Fourth Appellate District.