[Cite as *Berry v. Mullet*, 2019-Ohio-2549.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| PATRICIA J. BERRY, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellees | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| TYLER A. MULLET, ET AL. | : | Case No. 18CA006 |
| Defendants-Appellees and | : | |
| HOME-OWNERS INSURANCE CO. | : | |
| Defendant-Appellant. | : | |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Holmes County Court
                             of Common Pleas, Case No. 16CV048



JUDGMENT:                    DISMISSED



DATE OF JUDGMENT ENTRY:      June 24, 2019



APPEARANCES:

For Plaintiffs-Appellees:                For Defendant-Appellant:

THOMAS J. INTILI                         CRAIG G. PELINI
INTILI & GROVES, L.P.A.                   NICOLE H. RICHARD
2300 Far Hills Ave.                      PELINI, CAMPBELL & WILLIAMS, LLC
Dayton, OH 45419-1550                     8040 Cleveland Ave. N.W., Ste. 400
                                         North Canton, OH 44720

*Delaney, J.*

{¶1}   Appellant Home-Owners Insurance Company ["HOIC"] appeals from a July 24, 2018 Judgment Entry of the Holmes County Court of Common Pleas overruling its motion to bifurcate the punitive-damages and bad-faith claims of appellees, Patricia J. and Craig P. Berry.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose from a motor vehicle collision on June 7, 2014 in Holmes County, Ohio.[1]   Appellees were struck by a vehicle driven by Tyler Mullet when Mullet failed to stop at a stop sign.

{¶3}   Appellees are Michigan residents and have an automobile insurance policy with HOIC.   The policy includes a type of coverage known as personal injury protection ("PIP").

{¶4}   Appellee Patricia Berry was seriously injured in the crash and has incurred significant expenses.   As the beneficiary of a Michigan auto insurance policy, the PIP provision potentially entitles her to lifetime medical payments coverage for injuries sustained in the collision.

{¶5}   Mullet's vehicle was insured by State Farm.   Patricia's collision-related losses exceed the liability limits of Mullet's policy, therefore Mullet is an underinsured motorist under the terms of appellees' HOIC policy.

---

[1] Appellees sued Mullet and HOIC for injuries and damages proximately resulting from the collision.   HOIC sued Mullet as the subrogee of payments made to or on behalf of Patricia Berry.   The trial court consolidated the actions on August 5, 2016.

{¶6}   HOIC has paid "at least" $155,861.21 for Patricia's collision-related medical treatment and lost wages pursuant to the PIP provision of the HOIC policy.[2]

{¶7}   On June 3, 2016, appellees filed a complaint against Mullet and HOIC.

{¶8}   Patricia underwent a defense medical examination in Michigan on March 9, 2017. In anticipation of mediation, a Civ.R. 35 examination of Patricia occurred on August 1, 2017. Appellees assert both physicians hired by HOIC concluded that Patricia's post-collision symptoms and treatment are related to the collision.

{¶9}   HOIC advanced Mullet's $100,000 auto policy liability limits in April 2017. Appellees complain, though, that HOIC has failed or refused to waive its claims for subrogation and reimbursement; failed or refused to settle the underinsured-motorist claim; and threatened to terminate Patricia's PIP benefits.

{¶10} Appellees sought and were granted permission to file an amended complaint on March 14, 2018, adding new claims against HOIC for insurance bad faith and wrongful termination of PIP benefits. Appellees allege HOIC failed, refused, or unreasonably delayed paying their underinsured-motorist claim. Further, appellees asserted the bad-faith failure or refusal to settle, and the wrongful termination of the PIP benefits, entitled them to an award of punitive damages.

{¶11} In the meantime, the pending mediation was canceled. Both parties allude to discovery disputes throughout the course of the litigation.

{¶12} On June 14, 2018, HOIC moved the trial court to bifurcate the tort and underinsured action from the bad-faith and punitive-damages claims. HOIC asked the

---

[2] Appellees' health insurer, Blue Cross/Blue Shield of Michigan, has also paid toward Patricia's collision-related medical treatment.

trial court to try the case in two stages, the first being the underinsured-motorist claim. At the first stage, appellees would be precluded from presenting evidence on the bad-faith and punitive-damage claims. The second stage, trial of the bad-faith and punitive-damages claims, would proceed only if appellees prevailed in the first stage.[3] Further, appellees would be permitted to present evidence in support of punitive damages only if the jury awarded compensatory damages in the first stage.

{¶13} HOIC also moved the trial court to stay discovery on the bad-faith and punitive-damages claims.

{¶14} On June 15, 2018, appellees served a second set of interrogatories and request for production of documents upon HOIC relative to the bad-faith and punitive-damages claims. Appellees requested, e.g., HOIC's claims file on appellees' claims; the methods and criteria by which HOIC valued appellees' underinsured claim; the internal analysis regarding appellees' potential comparative negligence;[4] and HOIC's internal investigation reports and procedures relating to appellees' claims.

{¶15} Appellees sought and were granted an extension of time to respond to HOIC's motions to bifurcate and to stay discovery. Appellees filed responses in opposition and HOIC replied.[5]

{¶16} HOIC's reply included an alternative request for a protection order and/or in-camera review to be made if the trial court denied the request for a discovery stay.

---

[3] HOIC describes the punitive-damage stage as a "third stage" of the trial which would occur only if appellees prevail on the bad-faith claim.

[4] HOIC asserts Patricia Berry "admittedly had her feet on the dashboard and was in a slumped position in the passenger seat" at the time of the collision. (Brief, 1).

[5] Appellees consented to bifurcation at trial of punitive-damages evidence only, and otherwise opposed the motion to bifurcate the bad-faith claim and the motion to stay discovery.

{¶17} On July 13, 2018, HOIC filed a timely notice of service of objections to appellees' bad-faith and punitive-damages discovery requests.

{¶18} On July 24, 2018, the trial court denied both the motion to bifurcate the bad-faith and punitive-damages claims, and to stay discovery, in total. The blanket denial included the alternative request for a protective order and/or in-camera review.

{¶19} HOIC now appeals from the trial court's "Judgment Entry Ruling on Home-Owners Ins. Co.'s Motion to Bifurcate Plaintiffs' Punitive Damages and Bad Faith Claims" of July 24, 2018.

{¶20} HOIC raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶21} "I.    THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO BIFURCATE PLAINTIFFS-APPELLEES' PUNITIVE DAMAGES CLAIM MANDATED PURSUANT TO R.C. 2315.21(B)."

{¶22} "II.    THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO BIFURCATE PLAINTIFFS-APPELLEES' BAD FAITH CLAIM FROM THE UNDERLYING TORT AND UNDERINSURED CLAIMS."

{¶23} "III.    THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO STAY BAD FAITH AND PUNITIVE DAMAGE DISCOVERY AND ALTERNATIVE REQUEST FOR A PROTECTIVE ORDER AND/OR IN CAMERA REVIEW OF DOCUMENTS AND COMMUNICATIONS THAT ARE PRIVILEGED AND WORK PRODUCT."

**ANALYSIS**

I., II., III.

{¶24} HOIC argues the trial court erred in denying its motion to bifurcate and to stay discovery. We find that the order appealed from is not a final appealable order, thus we address the three assignments of error together and dismiss the instant appeal.

{¶25} Appellees filed a Motion to Dismiss for Lack of Appellate Jurisdiction on September 6, 2018. HOIC filed a response in opposition and appellees replied. Via judgment entry dated November 16, 2018, we denied the motion to dismiss but noted the parties could address the jurisdictional arguments in their briefs or at oral argument.[6] Appellees again raise the issue in their merit brief filed December 31, 2018.

{¶26} As a general rule, a judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. *Moss v. Marshall Builders, Inc.*, 5th Dist. Stark No. 2018 CA 00038, 2019-Ohio-97, ¶ 30, citing *Moscarello v. Moscarello,* 5th Dist. Stark No. 2014CA00181, 2015–Ohio–654, ¶ 11, additional citations omitted. Even if a party does not raise the issue, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White v. Cuyahoga Metro. Hous. Aut.,* 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997).

{¶27} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to

---

[6] In this Court, HOIC also filed a motion to strike Patricia and Craig Berry's deposition transcripts from the appellate record because the depositions were filed in the trial court and in the appellate court on the same day. We granted the motion to strike on February 19, 2019.

review the matter and the matter must be dismissed. *General Acc. Ins. Co. v. Insurance of North America,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); *Harris v. Conrad,* 12th Dist. Warren No. CA–2001–12–108, 2002-Ohio-3885, 2002 WL 1310633. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ. R. 54(B). *Denham v. New Carlisle,* 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999); *Ferraro v. B.F. Goodrich Co.,* 149 Ohio App.3d 301, 2002-Ohio-4398, 777 N.E.2d 282 (9th Dist.).

{¶28} HOIC argues that the order appealed from is final pursuant to R.C. 2502.02(B)(6) and (B)(4)(a) and (b), which state in pertinent part:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

* * * *.

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

* * * *.

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly[1]), and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

* * * *.

*No controversy as to bifurcation of punitive-damage claim*

{¶29} We note no controversy exists as to the issue of bifurcation at trial of evidence relating to actual malice, the prerequisite for an award of punitive damages. Appellees stipulated R.C. 2315.21(B) confers upon a defendant the right to bifurcation of evidence offered solely to prove actual malice and entitlement to punitive damages. Therefore, appellees contend and we agree, the trial court's entry of July 24, 2018 adjudicated only HOIC's motion to bifurcate appellees' bad-faith claims and to stay bad-faith discovery. Appellate courts will not review questions that do not involve live controversies. See, *Tschantz v. Ferguson,* 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991).

{¶30} HOIC's argument that the trial court's order implicitly finds R.C. 2315.21 unconstitutional, and is therefore final pursuant to R.C. 2502.02(B)(6), is not well-taken.

*Denial of motion to bifurcate bad-faith claim is not a final appealable order*

{¶31} Generally a bifurcation order pursuant to Civ.R. 42(B) is not a final appealable order. *Doe v. Univ. of Cincinnati*, 70 Ohio App.3d 354, 358, 591 N.E.2d 9 (10th Dist.1991), citing *Fireman's Fund Ins. Co. v. BPS Co.*, 4 Ohio App.3d 3, 4, 446 N.E.2d 181 (10th Dist. 1982); *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).  See also, *Branche v. Motorists Mut. Ins. Co.*, 11th Dist. Lake No. 2016-L-004, 2016-Ohio-3238, ¶ 5, citing *King v. Am. Std. Ins. Co. of Ohio,* 6th Dist. Lucas No. L–06–1306, 2006–Ohio–5774, ¶ 19; *Goettl v. Edelstein,* 5th Dist. Richland No. CA 2339, 1985 WL 4494, *2 (Dec. 5, 1985).

{¶32} In this case, we find the July 24, 2018 judgment entry denying the request to bifurcate the bad-faith claim does not determine the action and prevent a judgment. Further, an immediate appeal is not required to protect a substantial right.  Accordingly, the entry is not a final appealable order pursuant to R.C. 2505.02.

*Denial of motion to stay discovery is not a final appealable order*

{¶33} We begin by noting that we do not find support in the record for HOIC's assertion that the trial court's order of July 24, 2018 denied an alternative request for a protective order and/or in-camera review of HOIC's allegedly-privileged materials, because we can find no such alternative request.  HOIC asserts in its brief that "Within [HOIC's] pleadings an alternative request for a protective order and/or in-camera review was made in the event the stay of discovery was denied by the trial court."  Brief, 3.  HOIC has not pointed us to where in the record this request appears.

{¶34} We do not find an alternative request for a protective order/in-camera review in HOIC's motion to bifurcate and stay discovery of June 26, 2018, nor in its reply of July 23, 2018.[7]  The only reference to the request for protective order that we can find is on page 3 of appellees' July 12, 2018 memorandum in opposition to the motion to bifurcate ["HOIC also seeks a protective order from [appellees'] June 15, 2018 discovery requests."]

{¶35} The trial court's order of July 24, 2018 merely denies a stay of discovery. The record does not reveal that any privileged material has yet to be produced, much less compelled.  An order denying a stay of discovery is not the jurisdictional equivalent of an order compelling discovery of privileged material.  See, *Nationwide Mut. Fire Ins. Co. v. Jones*, 4th Dist. Scioto No. 15CA3709, 2017-Ohio-4244, ¶ 16; *Brahm v. DHSC, LLC*, 5th Dist. No. 2015CA00165, 2016-Ohio-1204, 61 N.E.3d 711, ¶ 25.

{¶36} Our conclusion is this: appeal from the trial court's denial of the stay of discovery is premature because the discovery process remains incomplete.  We note appellees filed a motion to compel discovery on August 22, 2018, which remains pending.

{¶37} For the purposes of a final appealable order, a "provisional remedy" means "a proceeding ancillary to an action, including, but not limited to, a proceeding for * * * discovery of privileged matter * * *.  R.C. 2502.02(A)(3).  A proceeding for "discovery of privileged matter" is a "provisional remedy" within the meaning of R.C. 2505.02(A)(3). *Brahm v. DHSC, LLC*, 5th Dist. No. 2015CA00165, 2016-Ohio-1204, 61 N.E.3d 711, ¶ 19, citing *Smith v. Chen,* 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633. An order granting or denying a provisional remedy is final and appealable only if it

_____

[7] At oral argument, the alternative request was said to be in the reply.

has the effect of "determining the action with respect to the provisional remedy and preventing a judgment in the action in favor of the appealing party with respect to the provisional remedy" and "the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." *Id.* The burden "falls on the party who knocks on the courthouse doors asking for interlocutory relief." *Id.* As specifically noted by the Ohio Supreme Court, "an order must meet the requirements in both subsections of the provisional-remedy section of the definition of final, appealable order in order to maintain an appeal." *Id.*

{¶38} We find HOIC has not established the prerequisites of R.C. 2505.02(A)(3), and its claims that its privileged materials will be irredeemably compromised is premature.

{¶39} As in *Nationwide Mut. Fire Ins. Co. v. Jones*, supra, 2017-Ohio-4244 at ¶ 16, "the trial court has not ordered appellant to produce any specific purportedly privileged documents or communications. Instead, the court generally ordered that discovery regarding appellees' bad faith claim may proceed." Thus, we believe that the trial court's order does not satisfy R.C. 2505.02(B)(4)(a). *Id.*, citing *Branche v. Motorists Mut. Ins. Co.*, 11th Dist. Lake No. 2016-L-004, 2016-Ohio-3238, ¶ 6 [trial court did not rule on claims of privilege or work product protection, nor did it compel discovery]. The order does not "determine[ ] the privilege issue and prevent[ ] a judgment in favor of the appellant regarding that issue." *Id.*, internal citation omitted.

{¶40} We find the trial court's order of July 24, 2018 is not a final, appealable order, and we therefore lack appellate jurisdiction to affirm, modify, or reverse it.

{¶41} Because there is no final appealable order, this Court does not have jurisdiction to entertain HOIC's appeal.

**CONCLUSION**

{¶42} For the foregoing reasons, HOIC's appeal of the July 24, 2018 Judgment Entry of the Stark County Court of Common Pleas, Stark County, Ohio, is hereby dismissed.

By:  Delaney, J.,

Hoffman, P.J. and

Wise, Earle, J., concur.